## In Re The Plurality Elections.

Under the Constitution of Rhode Island, members of Congress, presidential electors, and members of the city council of the city of Providence, may be chosen by a plurality of the legal voters voting for them. So, too, may any civil officer, except the following state officers: governor, lieutenant-governor, senators, representatives, secretary of state, attorney general, and general treasurer.

*Query*, whether the words "under this Constitution," in article VIII. section 10, of the Constitution of Rhode Island, apply to an election for representatives to Congress; but if they do, —

*Held*, that said section 10 is null so far as relates to the election of representatives to Congress, because in conflict with article I section 4, of the Constitution of the United States. Article VIII. section 10, of the Constitution of Rhode Island, must be construed as referring to the election of the officers enumerated in article VIII. section 1.

THE House of Representatives of Rhode Island, February 3, 1887, adopted the following resolution under article X. section 3, of the Constitution of the State, which provides that " the judges of the Supreme Court . . . shall . . . give their written opinion upon any question of law whenever requested by the governor, or by either house of the General Assembly."

### RESOLUTION

To ask the opinion of the judges of the Supreme Court : —

1. Whereas, the statutes of this State provide in several instances for election by plurality vote ;

2. Whereas, the lawfulness of this provision of the statutes is called in question by reason of its apparent conflict with section 10 of article VIII. of the state Constitution ; and,

3. Whereas, the existing Constitution provides that either house of the General Assembly may require the opinion of the judges of the Supreme Court upon any question of law, it is therefore hereby

*Resolved*, That the said judges of the Supreme Court be and hereby are requested, without unnecessary delay, to give their opinion to the House of Representatives upon the following questions : —

1. May a plurality of the electors voting elect lawfully and constitutionally a member of Congress ?

2. May a plurality of the electors voting elect lawfully and constitutionally a presidential elector ?

3. May a plurality of the electors voting elect lawfully and constitutionally a member of the city council of the city of Providence ?

4. May a plurality of the electors voting elect lawfully and constitutionally any civil officer in an election held by the people ?

### OPINION OF THE COURT.

### February 9, 1887.

*To the Honorable the House of Representatives :*

We have received from your honorable body a resolution requesting our opinion in answer to the following questions, to wit : —

1. May a plurality of the electors voting elect lawfully and constitutionally a member of Congress ?

2. May a plurality of the electors voting elect lawfully and constitutionally a presidential elector ?

3. May a plurality of the electors voting elect lawfully and constitutionally a member of the city council of the city of Providence ?

4. May a plurality of the electors voting elect lawfully and constitutionally any civil officer in an election held by the people ?

We answer the first question affirmatively.   The office of representative in Congress is created by and depends solely on the Constitution of the United States.   That Constitution, article I. section 4, provides as follows, to wit : —

The times, places, and manner of holding elections for senators and representatives shall be prescribed in each state by the legislature thereof; but Congress may at any time by law make or alter such regulations, except as to the places of choosing senators.                                                   *f*

Congress, under the power here reserved has enacted, that the election of representatives shall be in districts and by ballot, and has appointed a day, the same in all the states, for the regular biennial elections ; but in other respects has left the legislatures of the several states to the full exercise of the power conferred upon them.   In some states, under statutes enacted by the legislatures thereof, a plurality elects in all the elections ; in this State,

in all special elections.   These statutes have been always recog-
nized as valid by the federal House of Representatives, which,
under the Constitution of the United States, article I. section 5,
is the ultimate " judge of the elections, returns, and qualifications
of its own members."

Our attention has been drawn to section 10 of article VIII. of
the Constitution of the State, which provides that, "in all elections
held by the people under this Constitution, a majority of all the
electors voting shall be necessary to the election of the person
voted for ; " and also, as indicating that an election of represen-
tatives to Congress by the people is recognized as an election
" under this Constitution " by the Constitution itself, to section 2
of the same article, which provides that " voting for governor, lieu-
tenant-governor, secretary of state, attorney general, general treas-
urer, and representative to Congress, shall be by ballot."   We
think it doubtful, notwithstanding said section 2, whether section
10 was intended to extend to elections of representatives to Con-
gress; but if it was, to that extent it is, in our opinion, of no effect,
except in so far as it may be voluntarily deferred to by the Gen-
eral Assembly as an indication of the popular will.   The Constitu-
tion of the United States, is " the supreme law of the land," and
any provision of any state Constitution which is in conflict with it
is void.   Section 10 of article VIII. of the state Constitution is
manifestly in conflict with section 4 of article I. of the Constitu-
tion of the United States, if it be construed to extend to elections
of representatives to Congress ; for, so construed, it assumes to
impose a restraint upon the power of prescribing the manner of
holding such elections which is given to the legislature by the
Constitution of the United States without restraint, so long as,
and to the extent that, Congress refrains from making regulations
in the same matter.   We have no doubt that sections 6 and 7 of
chapter 11 of the Public Statutes, which provide that a plurality
shall elect in the special congressional elections there designated,
are lawful and constitutional, and that any representative elected
under either of them will be allowed to have his seat regardless of
said section 10.

We answer the second question affirmatively.   The Constitution
of the United States, article II. section 1, requires each state to

appoint presidential electors, at proper times, "in such manner as the legislature thereof may direct." The manner of appointment is left entirely to the legislatures. Under the statutes of this State, a plurality has sufficed for the election of presidential electors since 1798. Such electors were previously appointed by the General Assembly.

We answer the third and fourth questions affirmatively. It is unquestionably competent for the General Assembly to determine that the officers elected by the people to fill the various offices in the State shall be elected by a plurality, unless the Constitution contains some provision which makes a majority necessary. The only provision in our Constitution making a majority necessary is section 10 of article VIII., which, as we have seen, makes a majority necessary "in all elections held by the people under this Constitution." The question is, whether the words "under this Constitution" limit the generality of the preceding words. Doubtless there is a sense in which every election for either state or town officers is an election under the Constitution; for the Constitution is the constituent and supreme law, paramount to every other law of the State. In construing it, however, we are not to use a speculative ingenuity, but to take its provisions, except when they have some technical or historical meaning, according to their more obvious and reasonable import. Section 10 is the last section of an article entitled "Of Elections," which provides for the annual election by the people of the governor, lieutenant-governor, senators, representatives, secretary of state, attorney general, and general treasurer; prescribing with particularity the time and manner of their election and the mode of determining the result. These elections are clearly elections under the Constitution, since they are particularly provided for in it. It seems to us that the more natural and reasonable way of construing section 10 is to construe it as relating to these elections; since, if we construe it so, the words "under this Constitution" have an effect, whereas, if we construe it as extending to all state and town elections whatever by the people, the words are mere surplusage.

THOMAS DURFEE,
CHARLES MATTESON,
JOHN H. STINESS,
GEORGE A. WILBUR.