77 509
f 109 352

## OTCHECK v. HOSTETTER.

1. **Set-off: JUDGMENT AND COSTS.** Where a judgment recovered by plaintiff in one case was properly set off against her note which was in litigation in another case in the same court, it was proper that the costs recovered by her in the first case should also be set off against the note.

2. **Attorney's Fees: ON NOTE IN SUIT BEFORE DUE.** Where the maker of a note, before it was due, brought an action to enjoin the foreclosure of a chattel mortgage given to secure it, and she was entitled to a set-off against the note, and could not pay it at maturity without abandoning her right to the set-off, she could not be said to be in default, and, in rendering judgment against her for the balance due on the note, the holder was not entitled to recover the attorney's fees provided in the note in case suit was brought to collect it.

*Appeal from Mahaska District Court.*—HON. D. RYAN. Judge.

FILED, MAY 18, 1889.

ACTION in chancery. The facts of the case, and the relief prayed for and granted, are stated in the opinion. Full relief, as prayed by plaintiff, not being granted, she appeals.

*Blanchard & Preston,* for appellant.

*John F. & W. R. Lacey* and *J. M. Herron,* for appellee.

BECK, J.—I. November 24, 1885, plaintiff commenced an action at law in the circuit court of Mahaska county, claiming to recover three thousand dollars from defendant as damages for fraudulent representations in the sale of real estate. December 1, 1885, she commenced in the same court an action in equity to enjoin defendant from foreclosing a chattel mortgage, and asking that the foreclosure be transferred to the circuit court. Plaintiff alleges in her petition that some of the

notes have been paid and others are usurious, and that she is entitled to recover damages for injury to her stock. A preliminary injunction was allowed in the case. The defendant answered, denying plaintiff's claim, and praying that the chattel mortgage be foreclosed, and judgment be rendered on the notes, and for attorney fees. The affidavit of the attorney required by the statute was filed. One of the notes secured by the chattel mortgage was for five hundred dollars, dated November 8, 1883, due January 1, 1888, with eight per centum per annum interest, and attorney's fees if suit be brought to collect it. Plaintiff, in her reply to the answer of defendant, alleges that some of the notes are usurious; others have been paid; and that defendant is indebted to her for injuries to stock. March 17, 1887, plaintiff amends her petition, alleging that on the second day of October, 1886, she recovered a judgment in the law action set out in her petition for $1,762.25, and costs, with six per centum interest. She also shows that defendant has commenced an action to restrain the collection of her judgment at law until the termination of this action, and praying that the judgment may be applied on the notes and chattel mortgage. The plaintiff in this amended petition unites with defendant in his request that the judgment be set off against the notes.

Defendant files an answer in the law case, in which he asks that the judgment obtained by plaintiff be applied upon his notes secured by the chattel mortgage. He also filed an answer to the amended petition, setting up that the judgment in the law case was not final; that it is void for want of jurisdiction; and other matters which need not be here recited. A decree was rendered declaring the notes secured by the chattel mortgage to be paid and discharged by the judgment at law, and certain damages found and allowed, except the one note which was not due. Upon it the sum of nine dollars was applied. The cause was continued until the note became due, and the lien of the mortgage it was declared should exist for the security of the note.

Otcheck v. Hostetter.

After the note became due plaintiff filed her supplemental petition, showing the facts substantially as above recited, and further alleging that she expended $207.55 costs in the law case, which it was adjudged defendant should pay; and she also paid $63.65 in this case, which are taxable against defendant. She asks that these costs may be set off against the note, which has fallen due and is unpaid. The defendant, in reply, alleges that the judgment in the law case has been pleaded by plaintiff and allowed by the decree of the court as a set-off to the notes and chattel mortgage. The plaintiff in her reply denies the allegations of defendant's answer. The case was tried upon the pleadings, and an admission of defendant that the costs had been paid by plaintiff, as alleged in her supplemental petition. The case before us is upon the supplemental petition. The decree allows a credit on the note of nine dollars, found by the prior decree, and the costs in this case, $63.65, but rejects as credits the costs in the law case. It allows as attorney fees $38.25, and is a judgment for $611.48 upon the note, and foreclosed the mortgage for that amount.

II. In our opinion, the costs in the law case should have been applied on the note. They constituted money due to the plaintiff. The same reason that 1. SET-OFF: judgment and required the judgment in plaintiff's favor costs. to be set off against the notes demands that the costs shall be set off in the same manner.

III. We think defendant should not recover for attorney's fees upon the note, which were recoverable 2. ATTORNEY'S in case suit was brought to collect it. The fees: on note in suit before note was in litigation for settlement and due. adjustment in this suit before it was due. Plaintiff could not, if she would, have paid it at maturity, without abandoning her right to set off the costs against it, some of which the district court by its decree held should be applied on the note. It cannot be said that plaintiff made default on the note, or that the suit was brought to collect it. Plaintiff brings the suit to protect her rights touching that note and others.

We think the attorney fees could only be assessed in case a suit on the note had been actually brought for the purpose of enforcing its collection. But such suit was not brought.

IV.    We think the plaintiff should be allowed as a set-off on the note :

(1)    The costs in the law case.........$ 207 55
(2)    The costs in this case ............  63 65
(3)    The sum applied in former decree.    9 11
                                          ———————
        Total.........................  $280 31
The interest on the note to date of the
        decree,—five years, seven months..  224 00
Principal.............................  500 00
                                          ———————
        Total.........................  $724 00
Deducting Am'ts to be set off as above,
        and Int., $9.35................  289 66
                                          ———————
Am't due for which decree should have
        been entered..................  $434 34

The credits we allow on the note are made as of the day of its maturity. We allow interest on the credits allowed plaintiff from the date of the maturity of the note to the date of the decree,—five and a half months. A decree will be entered in harmony with these views, at the option of plaintiff, in this court, or the cause will be remanded for such a decree in the court below.

REVERSED.