THE GUARANTY SAVINGS & LOAN ASSOCIATION OF MINNEAPOLIS, MINNESOTA, v. FERDINAND ASCHERMAN, Appellant.

**Constitutional Law:** TITLE OF ACT. An act entitled ' An act to amend section 1898 of the Code, relating to building and loan associations." (Acts Twenty-seventh General Assembly, chapter 48), is not within Constitution, Article 3, Section 29, providing that every act shall embrace but one subject, and matters properly connected therewith, which subject shall be embraced in the title, because it also deals with contracts between the association and its members; such contracts being "matters properly connected" with building and loan associations.

**Evidence:** HARMLESS ERROR. The fact that the bylaws were not in evidence in an action by a building and loan association against a member on a contract of which the bylaws were a part cannot affect the judgment, where, if in evidence, they would only show facts not disputed.

**Foreclosure:** ATTORNEY'S FEES. Where a mortgage provided for attorney's fee in case of foreclosure, such fee was properly included in the decree.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER,
Judge.

### SATURDAY, APRIL 8, 1899.

THE defendant is a member of the plaintiff association,
and has been since some time prior to July 1, 1896, and owns
sixty-five shares of its stock, of the par value of six thousand
five hundred dollars, for which he executed a bond
by which the terms of payment were fixed at six per cent.
interest per annum thereon, and seven per cent. premium
per annum thereon, payable monthly, on the first day of each
month, until the dues on the stock before mentioned,—which
stock was pledged as collateral security for the payment of
the bond,—together with the profits apportioned thereon,
should equal the sum specified in the bond. The bond further
provided for the payment of dues, fines, taxes, etc., as pro
vided in the constitution and by-laws of the association, and
in a real-estate mortgage given to secure the payment of said
bond. The bond also provides that in case of default in the
payments, or any of them, as above specified, for sixty days,
the whole amount should become due and payable, and pay-
ment thereof enforced. The plaintiff is a corporation
organized under the laws of Minnesota, and authorized to
do business in this state. The bond and mortgage are made
non-negotiable under the laws of Minnesota. Default was
made in the payment of interest, premiums, etc., and this
action is to recover on the bond, and foreclose the real-estate
mortgage. The answer admits the making of the bond and
mortgage, and makes it appear that, as a part of the agree-
ment for the loan, defendant was required to become a mem-
ber of the association, and be subjected to the payment of the
dues, premiums, fines, etc., above specified, and that there
were paid four monthly payments, of seventy dollars and
forty-two cents each, after which defendant notified plaintiff
that it would be impossible to make further payments on said

loan, and defendant renounced all claim to profits or dividends, and to membership in the association. The answer also makes a showing of other payments in advance, for which credit is asked. It is pleaded in the answer that the agreements contained in the bond, mortgage and certificate of stock are void and contrary to law, and certain statutory provisions are referred to as being violated. The district court entered judgment for plaintiff, and the defendant appealed. —*Affirmed.*

*H. H. Ascherman* for appellant.

*J. A. Hanley* for appellee.

GRANGER, J.—I. The pleadings and proceedings are largely devoted to the question of whether the loan was made prior to the taking effect of the act of the Twenty-sixth General Assembly (chapter 85). Section 9 of said act, which is the important part of it for the purposes of this case, went into the present Code as section 1898; and, looking to that section alone, the date of the loan in this case might make a material difference as to plaintiff's right of recovery, and hence the question as to whether the loan was so made as to be under its provisions has been carefully presented. When this case was tried below, the cases of *Association v. Heidt,* 107 Iowa, 297, and *Same Plaintiff v. Curtis,* 107 Iowa, 504, had not been decided in this court, the opinions having been filed at our January term, 1899. The argument of appellant deals with the subjects of an entirety of contract of the agreement for membership in the association and for the loan, of estoppel, of the repeal of prior laws by the act of the Twenty-sixth General Assembly, of the validity of the contract and obligations thereof, and of ratifications. These questions, in view of the facts on which the arguments are based, are set at rest by our holdings in those cases. Whatever might be the doubts, or even the conclusions, from considering alone the act of the Twenty-sixth General Assembly,

the later act of the Twenty-seventh General Assembly (chapter 48), which is cited and considered in the *Heidt Case,* above cited, is conclusive against defendant's claim.

II.    It is now said that the act of the Twenty-seventh General Assembly is void because there is not a compliance with the constitutional provision that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." Constitution, article 3, section 29.    The title of the act is, "An act to amend section eighteen hundred and ninety-eight (1898) of the Code, relating to building and loan associations."    The act, by its terms, deals with contracts between the association and its members; and the argument is that a subject of the act is contracts, and such a subject is not specified in the title, and hence it is void.    Such a conclusion results from only having in mind a part of the constitutional provision.    It is not that an act shall embrace but one subject, but it shall embrace but one subject and matters properly connected therewith.    Contracts are matters connected with the subject of building and loan associations, and a law on that subject, which should regulate its dealings with the people, may well include the subject of contracts. *Richman v. Board,* 77 Iowa, 512; *State v. Forkner,* 94 Iowa, 1; *Christie v. Investment Co.,* 82 Iowa, 360.

III.    It is thought there could properly be no judgment for plaintiff, because the by-laws were not put in evidence.    If in evidence they would only show facts as to which there seems to be no dispute.

IV.    The court allowed an attorney's fee of one hundred dollars, and it is urged that it should not have been done.    The mortgage provides for an attorney's fee of that amount in case of a foreclosure of the mortgage, and the allowance was made just in accordance with the agreement.

A query is presented:    Suppose, the day after the decree was entered, the claim was paid?    We have not that state of facts, and, if we had, it is not easy to see

how it would change what the court was required to do in entering the decree before such a payment. The decree simply gave judgment of foreclosure, and for an attorney's fee, as the mortgage provided. The judgment is AFFIRMED.

WATERMAN, J., takes no part.