B. F. RAINS, Appellee, v. FIRST NATIONAL BANK OF FAIRFIELD, Appellant.

**STATUTES:** Amendment, Revision, and Codification—Legislative Reference to Compiled Code. In the amendment, revision, and codification of the statutes which resulted in the Code of 1924, a reference in the Code Revision Acts to a section number of the Compiled Code or of the Supplements thereto effected the same result as though the reference had been to the corresponding official section number of the statute as it existed when it was carried into the Compiled Code or Supplements. (Ch. 223, Sec. 8, Acts 40 G. A.)

**STATUTES:** Subjects and Titles of Acts—Unity of Object. The constitutional provision that "every act shall embrace but one subject and matters properly connected therewith" is not violated by' an act "relating to procedure in the Supreme Court *and qualifications for admission to the bar,*" the power to admit persons to practice law being already by statute exclusively vested in the Supreme Court.

Headnote 1: 36 Cyc. p. 1062. Headnote 2: 36 Cyc. p. 1027.

*Appeal from Jefferson District Court.*—F. M. HUNTER, Judge.

JANUARY 12, 1926.

MOTION of appellee to dismiss appeal. The facts are stated in the opinion.—*Appeal dismissed.*

*Starr & Jordan,* for appellant.

*Roberts, Webber & Roberts* and *Frank T. Roberts,* for appellee.

VERMILION, J.—The appellee has moved to dismiss the appeal, on the ground that notice of appeal was not served or filed within four months after the entry of record of the judgment.

The judgment was rendered and entered of record on December 23, 1924, and notice of appeal therefrom was served on the appellee and the clerk of the district court and filed in his office on May 26, 1925.

The provisions of the Code of 1924, passed by the extra session of the fortieth general assembly, took effect, under the Constitution, 90 days after the adjournment of such extra session on July 30, 1924. The Code of 1924 was, therefore, generally speaking, and without present reference to the particular contentions made by appellant, in force at the time the judgment herein was entered of record.

Section 12832 of the Code of 1924, so far as material to the present inquiry, is as follows:

"Appeals from the district, superior, and municipal courts may be taken to the Supreme Court at any time within four months from the date of the entry of record of the judgment or order appealed from, and not afterwards."

It is apparent that, the appeal not having been taken within four months from the entering of record of the judgment, the motion to dismiss is good, unless one or more of the contentions of appellant shall be sustained.

To avoid this result, appellant urges: (1) That Section 4110, Code of 1897, fixing the time within which appeals may be taken from the district court to the Supreme Court at six months from the rendition of the judgment or order appealed from, has never been repealed, and is still in force. (2) That Section 12832, Code of 1924, is unconstitutional because it embraces more than one subject, in violation of Section 29 of Article 3 of the Constitution of the state.

Counsel insist that Section 4110, Code of 1897, fixing the time within which an appeal to this court must be taken at six months, is still in force, and therefore the notice of appeal was

in time, because that section is not mentioned in the act of the extra session of the fortieth general assembly of which Section 12832 was a part, and was not expressly repealed.

I.   It is contended that the act in question, House File No. 246, refers only to sections of the Compiled Code, and does not purport to amend, revise, or codify Section 4110 of the Code of 1897.

Section 8 of Chapter 223 of the Acts of the Fortieth General Assembly is as follows:

"The Compiled Code and the Supplement to the Compiled Code submitted to the general assembly as a part of the code commissioners' report are adopted as an official code of Iowa, for convenience of reference in bills relating to the amendment, revision and codification of the laws; but this section shall not be construed as changing the meaning of any law.   A reference to the law of this state by title, chapter or section of the Compiled Code or Supplement to the Compiled Code, shall have the same force and effect as a reference to such law by title, chapter or section of the Code, Supplement to the Code of 1913, Supplemental Supplement of 1915, or the Acts of the Thirty-seventh, Thirty-eighth and Thirty-ninth General Assemblies."

1. STATUTES: amendment, revision, and codification: legislative reference to Compiled Code.

Section 4110, Code of 1897, appears as Section 8490 of the Compiled Code.   House File 246 was a bill for an act to amend, revise, and codify, among others, Section 8490 of the Compiled Code.   The contention that Section 4110, Code of 1897, is still in effect and unchanged, because it is not by that designation referred to in the bill by which Section 12832, Code of 1924, was enacted, is without merit.

II.   As has been said, House File 246 was a bill for an act to amend, revise, and codify certain named sections of the Compiled Code, and among them, Section 8490.   This section was there re-enacted in the same form in which it appeared in the Code of 1897, as Section 4110, and in the Compiled Code, as Section 8490, except that the time within which an appeal must be taken was changed from six months to four months. This change is so obviously an amendment of the previously existing law in connection with the revision and codification

of the statutes then being carried on by the legislature as to admit of no argument. The act was sufficient in form and substance to accomplish the evident legislative purpose. Section 41, Code of 1897 (Section 47, Code of 1924) ; *State v. Shreves,* 81 Iowa 615.

III.   It is claimed that the act of the extra session by which the amendment of the statute in question was effected was in violation of the constitutional provision requiring that:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." Section 29, Article III.

The act, as stated in the title, was to amend, revise, and codify certain designated sections of the Compiled Code "relating to procedure in the Supreme Court and qualifications 2. STATUTES: sub- for admission to the bar." The complaint is jects and titles that the act embraced more than one subject, of acts: unity of object. and, specifically, that the subject of qualifications for admission to the bar is unrelated to, or not "properly connected" with, the subject of procedure in the Supreme Court. There is no complaint that the subject of the act is not sufficiently expressed in the title.

Section 309, Code of 1897 (Section 10907, Code of 1924), provides:

"The power to admit persons to practice as attorneys and counselors in the courts of this state, or any of them, is vested exclusively in the Supreme Court."

Since the power to admit attorneys to practice was vested exclusively in the Supreme Court, a definition of the qualifications that must be possessed by an applicant to warrant his admission was just as clearly a matter connected with the subject of procedure in the Supreme Court as any other matter relating to when, how, or under what circumstances the court should act: as the time within which an appeal to it must be taken; how the notice of appeal shall be served; when an abstract must be filed, and the effect of a failure to do so; when a transcript is required,—all matters covered by the act.

"The intent of this provision of the Constitution was to prevent the union in the same act of incongruous matter and

of objects having no connection—no relation." *State ex rel.
Weir v. Judge of Davis County*, 2 Iowa 280.

In *Davis v. Woolnough*, 9 Iowa 104, "an act for revising
and consolidating the laws incorporating the city of Dubuque
and to establish a city court therein" was held not to violate
the constitutional provision in question. In *Cook v. Marshall
County*, 119 Iowa 384, we said:

"This, it has often been held, does not require a construc-
tion forbidding the inclusion in one act of all matters germane to
the main proposition or purpose sought to be effected, even
though they are not specifically mentioned in the title. If there
is a 'unity of object' in the various provisions, and that general
object is indicated by the title, then, no matter how multifarious
the provisions of the act, it sufficiently complies with the Con-
stitution."

See, also, *State v. Shroeder*, 51 Iowa 197; *Martin v. Blatt-
ner*, 68 Iowa 286; *Richman v. Supervisors Muscatine County*,
77 Iowa 513; *Christie v. Life Ind. & Inv. Co.*, 82 Iowa 360;
*Beresheim v. Arnd*, 117 Iowa 83.

It is clear that the act did not embrace more than one sub-
ject and matters properly connected therewith, and did not
violate the constitutional provision in question.

Appellee's motion is well taken, and the appeal is—*Dis-
missed*.

DE GRAFF, C. J., and EVANS, STEVENS, and FAVILLE, JJ.,
concur.