ADA DAYTON, Appellee, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY et al., Appellants.

STATUTES: Amendment—Presumption. The enactment of a statutory
1 rule of procedure in lieu of one which the Supreme Court has held to be of doubtful meaning carries a presumption that the change was made in view of the criticism aimed at the old statute.

STATUTES: Amendment, Revision, and Codification—Reference to
2 Compiled Code—Effect. The amendment, revision, and codification of a section of the Compiled Code of 1919 "to read as follows" worked an effectual repeal of the same section as it appeared in the Code of 1897.

STATUTES: Title—Dual Subjects. An act "relating to procedure in
3 the Supreme Court and qualifications for admission to the bar" does not embrace two subjects, the latter enumeration being by statute embraced in the former.

STATUTES: Enactment—Presumption. An enrolled act which carries
4 the signatures required by the Constitution is presumed to have become a law, pursuant to the requirements of the Constitution.

Headnote 1: 36 Cyc. p. 1110. Headnote 2: 36 Cyc. p. 1079. Headnote 3: 36 Cyc. p. 1022. Headnote 4: 36 Cyc. p. 974.

Headnote 2:  25 R. C. L. 923.  Headnote 3:  25 R. C. L. 843.  Headnote 4:  40 L. R. A. (N. S.) 36.

*Appeal from Hardin District Court.*—B. R. BRYSON, Judge.

NOVEMBER 29, 1926.

Motion to dismiss appeal for failure to file abstract.—*Appeal dismissed.*

*Deacon, Sargent & Spangler* and *A. D. Davis,* for appellants.

*Raymond N. Klass* and *Peisen & Soper,* for appellee.

DE GRAFF, C. J.—This opinion has to do with a motion by the appellee herein to dismiss the appeal or affirm the judgment entered in her favor, as plaintiff below.  This motion was served on appellant September 23, 1926, and filed in the office of the clerk of the Supreme Court September 24, 1926.  The motion is predicated on Section 12848, Code of 1924, which reads:

"If an abstract of the record is not filed by appellant thirty days before the second term after the appeal was taken, unless further time is given before the expiration of said time by the court or a judge thereof for good cause shown, the appellee may file an abstract of such matters of record as are necessary, or may file a copy of the final judgment or order appealed from, or other matters required, certified to by the clerk of the trial court, and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed."

The certificate filed by appellee in conformity to the statute discloses that the judgment upon which the appeal was taken was entered in the district court of Iowa in and for Hardin County, December 23, 1925; that the motion for new trial was overruled February 10, 1926; and that the notice of appeal was served and filed April 14, 1926.  The first day of the May, 1926, term of this court was May 4th, and the second, or the September, term began September 21, 1926.

We take judicial notice of our own records.  No abstract of record in this cause was filed 30 days before the second or September term after the service and filing of the notice of appeal

in the office of the clerk of the district court, nor was the time extended by order of this court.  It therefore appears that the motion of appellee to dismiss must be sustained, unless the matters contained in appellant's resistance to said motion possess legal merit.  The matters presented by the appellant involve · certain constitutional objections to the enactment of Section 12847, Code of 1924, and it is urged that, since Section 12847 was not constitutionally enacted, Section 4116, Code of 1897, is in force and effect.

By reason of the nature of the resistance filed by the appellant to appellee's motion to dismiss or affirm, it is necessary to refer briefly to the genealogy of Section 12847, Code of 1924, and trace its historical significance.  In the enactment of Section 12847, the legislature attempted to define when the abstract of the record, on appeal, should be filed by the appellant in the office of the clerk of the Supreme Court.  There was some doubt in the meaning of the language of the rule of statute as defined in Section 4116, Code of 1897, and this fact finds expression in the opinion of this court in *Hanson v. Hammell,* 107 Iowa 171.  We will presume that the legislature, in the enactment of the new rule (Section 12847, Code of 1924), took cognizance that the old rule was uncertain, and that the doubt, as expressed in the decision of this court, should be removed.  The new statute changed the old rule.  Section 4116 was amended, revised, and codified by the code revision of 1924, and there can be no doubt that the legislature intended to repeal and did repeal Section 4116, Code of 1897, in the enactment of Section 12847 of the present Code.

1. STATUTES: amendment: presumption.

2. STATUTES: amendment, revision, and codification: reference to Compiled Code: effect.

Section 12847, Code of 1924, made its first appearance as a code commissioners' bill, House File No. 246, at the time the general assembly of Iowa was dealing with the matter of code revision.  (House Journal, page 57, Extra Session of the Fortieth General Assembly.)  The Compiled Code of 1919 was the basis for the code revision, and was made so by statute.  Chapter 223, Section 8, Acts of the Fortieth General Assembly.

By the adoption of the Code of 1924 the entire body of the statutory law of this state, consisting of many hundred separate acts, was classified and combined under numerous titles, each of which "of necessity contains widely variant provisions, but all

having more or less appropriate relation to the general topic to which such title is devoted. To adopt the strict doctrine for which appellants contend would unsettle the validity of a multitude of Code provisions, and open the door to legal chaos.'' *Cook v. Marshall County,* 119 Iowa 384, at page 402. See, also, 26 American & English Encyc. of Law (2d Ed.) 573.

The bill in question (House File 246) was entitled:

''An act to amend, revise, and codify'' certain named sections of the Compiled Code of Iowa (1919), including Section 8496 of the Compiled Code, which embraced Section 4116, Code of 1897.

Our attention has been called by appellant to the ''General Explanation'' of the said bill of the code commission in its report to the legislature at the time the draft of the bill was submitted. The explanation is brief, and reads:

''C. B. 246 codifies part of Chapter 3, Title XXXII, with reference to procedure in the Supreme Court. Section 8496, which is in terms repealed by this bill, is covered by Secs. 2, 5, and 7 of this bill.''

The enrolled bill, a copy of which has been certified to this court, recites that Section 8596 of the Compiled Code of Iowa is revised, amended, and codified ''to read as follows: * * *.''

Appellant contends that Section 12847 is unconstitutional in that the title of House File No. 246 as it appears on the enrolled bill embraces more than one subject, in contravention of

Article 3, Section 29, Constitution of Iowa. The

3. STATUTES: title: title of the enrolled bill reads:
   dual subjects.

''An act to amend, revise, and codify Sections * * * [therein named] relating to procedure in the Supreme Court, and qualifications for admission to the bar.''

The article of the Constitution of Iowa invoked in this instance reads:

''Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.''

Is the matter of admission of applicants to the practice of law one of the proceedings of the Supreme Court of Iowa, and does it constitute procedure in this court? We answer in the affirmative. See *Rains v. First Nat. Bank,* 201 Iowa 140.

The certificate of admission to a successful applicant is

issued by and under the authority of this court. The members
of the bar examining committee are appointed by this court, and
act under rules prescribed by this court. The legislature does
define the eligibility of candidates to examination for admission,
but ''the power to admit persons to practice as attorneys and
counselors in the courts of this state, or any of them, is vested
exclusively in the Supreme Court.'' Section 10907, Code of
1924. We hold, therefore, that the act in question, as expressed
in the title, embraces but one subject and matters properly con-
nected therewith. The intent of this constitutional provision is
to prevent the union in the same act of incongruous matter and
of objects having no connection or relation thereto. The unity
of object is to be looked for in the ultimate end designed to be
attained, and not in the details looking to that end. See *State
ex rel. Weir v. County Judge,* 2 Iowa 280; *Guaranty Sav. & L.
Assn. v. Ascherman,* 108 Iowa 150; *Beresheim v. Arnd,* 117 Iowa
83.

It is the further claim of appellant that, in the enactment of
Section 12847, Article 3, Section 17, of the Constitution of Iowa
was violated, in that House File No. 246 was not passed in the
same form by a majority of both houses of the
legislature, and that the title of said house bill
was amended and changed to a different form
and a different language from that incorporated in the act at the
time of the vote of the house thereon, and, as amended by the
senate, was never voted upon in the house.

4. STATUTES: en-
actment: pre-
sumption.

The question as to the existence of a law is a judicial one.
*Town of South Ottawa v. Perkins,* 94 U. S. 260 (24 L. Ed. 154).
The Constitution of Iowa provides:

''Each house shall * * * keep a journal of its proceedings,
and publish the same.'' Article 3, Section 9.

It is further provided:

''No bill shall be passed unless by the assent of a majority
of all the members elected to each branch of the general assem-
bly, and the question upon the final passage shall be taken im-
mediately upon its last reading, and the yeas and nays entered
on the journal.'' Article 3, Section 17.

The journal, therefore, is a record required by the Consti-
tution. It is true that a court is not bound to accept the enroll-

ment and publication of a bill as a finality. *Conly v. Dilley,* 153 Iowa 677.

The enrolled bill in the instant case contains thereon the names of the officers whose signatures are required by the Constitution. Article 3, Section 15. An act which bears the signatures of the proper officers of the two houses and of the governor, is presumed to have become a law, pursuant to the requirements of the Constitution; but, if the facts essential to the enactment of the law are not set forth in the journal, the conclusion is warranted that the facts did not occur. In other words, if the journal fails to show that the act was passed in the mode prescribed by the Constitution, the presumption of regularity is overcome. See *People ex rel. Oliver v. Knopf,* 198 Ill. 340 (64 N. E. 842); *Rogers v. State,* 72 Ark. 565 (82 S. W. 169).

What do the journals show? (See Index to House Journal, Extra Session of the Fortieth General Assembly, 1923-24.) On December 4, 1923, House Bill No. 246 was introduced, and referred to the judiciary committee. On January 5, 1924, the bill, with amendment, was recommended for passage. Later, other amendments were filed. On January 10, 1924, the bill was read a third time, and on the question "Shall the bill pass?" there were, ayes 94, and nays 0.

The title of the bill after the words "relating to procedure in the Supreme Court" was amended by adding the following words: "and qualifications for admission to the bar." The amendment was adopted, and the title, as amended, was agreed to. On the same date, the bill was received in the senate and referred to judiciary No. 1. On January 19, 1924, the committee recommended amendments for passage. On January 22d, the committee amendments were adopted; and as amended, the bill passed the senate,—ayes 38, nays 0.

On January 23d, the bill was received back in the house, and on January 28th, the house concurred in the senate amendments,—ayes 78, nays 2, absent or not voting 28.

On January 31, 1924, the bill was reported correctly enrolled, was signed by the speaker of the house and by the president of the senate, and went to the governor for signature. On February 2, 1924, it was signed by the governor.

From this review it is quite apparent that there is no link missing in the legislative chain, and the enrolled bill is the ex-

clusive and conclusive evidence, and ultimate proof of the legislative will. *State ex rel. Hammond v. Lynch,* 169 Iowa 148.

The conclusion reached, based on the viewpoints herein expressed, results in a dismissal of the appeal.—*Appeal dismissed.*

EVANS, STEVENS, VERMILION, ALBERT, and MORLING, JJ., concur.