RICHARD WAUGH, Appellant, v. C. F. SHIRER et al., Defendants-appellees; CHARLES WINKEY et al., Intervenors-appellees.

No. 41846.

JUNE 20, 1933.

McCulla & McCulla and Herrick & Ary, H. J. Carter and W. C. Shepard, for appellant.

James H. Graven, County Attorney, for defendants-appellees.

Sager & Sweet, for intervenors-appellees.

KINDIG, C. J.—In the year 1931, the General Assembly of Iowa passed the following law:

"Hereafter when a proposition to authorize an issuance of bonds by a county, township, school district, city or town, or by any local board or commission, is submitted to the electors, such proposition shall not be deemed carried or adopted, anything in the statutes to the contrary notwithstanding, unless the vote in favor of such authorization is equal to at least sixty per cent. (60%) of the total vote cast for and against, said proposition at said election." Acts 44th Gen. Assem. c. 21 (Code 1931, section 1171-d4).

Thereafter, on June 6, 1932, the Butler county board of supervisors, defendants-appellees, submitted to the voters of Butler county, at a special election, the question of whether primary road bonds in the sum of $450,000 should be issued for the construction of primary roads. 5,974 votes were cast at the election. Of that num-

ber, 3,287 votes were in favor of the proposition, and 2,687 against it. Thus it is seen that a majority of the electors favored the issuance of the bonds for the building of the primary road. But because 60 per cent of the electors did not vote in favor of the proposition, the board of supervisors refused to levy the tax and sell the bonds. For the purpose of compelling the board of supervisors, and other county officials, to levy the tax and issue the bonds, Richard Waugh, the plaintiff-appellant, a resident and taxpayer of Butler county, and an owner of an automobile therein, commenced the present proceedings in mandamus on June 29, 1932. C. F. Shirer, S. W. Downs, and M. J. Green, defendants-appellees, are members of the Butler county board of supervisors. Lee L. Parks, a defendant-appellee, is treasurer of the county.

Three general reasons are assigned by the appellant to support his application for the writ of mandamus. They are: First, that the act of the Forty-fourth General Assembly, requiring the 60 per cent vote above quoted, which is now section 1171-d4 of the Code, does not apply to the election under consideration. The election, it is claimed by the appellant, is controlled by section 4753-a10 of the 1931 Code. Under section 4753-a11, connected with the scheme of election provided in section 4753-a10, a majority vote only is required as distinguished from 60 per cent of the votes demanded by section 1171-d4 of the Code; second, that because section 1171-d4 does not refer to section 4753-a11 of the 1931 Code, as required by section 47 of that Code, the said section 4753-a11 is not repealed; and, third, that if section 1171-d4 applies in the case at bar, it is unconstitutional for several reasons hereinafter to be discussed.

In attacking the appellant's petition, the appellees, county officers, filed a motion to dismiss on the theory that section 1171-d4 controlled the election. Therefore, a 60 per cent affirmative vote was necessary. Whereupon, the intervenors-appellees joined in the motion to dismiss filed by the defendants-appellees, the county officers. Charles Winkey, Fred Toll, W. C. Wilson, Albert Bramer, and Theo. Bickert, intervenors-appellees, are residents and taxpayers of Butler county and automobile owners therein.

After a trial in the district court, the contentions of the appellant were rejected and judgment entered in favor of the appellees. From that judgment the appellant appeals.

I. At the outset, then, it is necessary to determine whether

the election was controlled by section 1171-d4 of the 1931 Code or section 4753-a11 thereof. If the election was controlled by section 1171-d4 of the Code, the action of the district court must be sustained. On the other hand, if the election was controlled by section 4753-a11 thereof, the judgment of the district court should be reversed. Section 4753-a11 is the earlier section of the Code; while section 1171-d4 is a later section thereof.

This last-named section of the Code was enacted, as before explained, by the Forty-fourth General Assembly in the year 1931. So section 1171-d4 is the latest word of the Legislature. It is manifest that if both sections of the Code apply to the same subject, they are inconsistent with each other. The one anticipates that the proposition shall be carried by a majority vote in its favor, while the other demands that it shall be carried only by at least 60 per cent of the total votes cast for and against the proposition. These two sections cannot be reconciled. They are not in harmony with each other, for the one is inconsistent with, and contrary to, the other. As hereinafter will be seen, section 1171-d4 by implication repeals section 4753-a11, so far as the vote required is concerned. Repeals by implication, it is well known, are not favorites of the law. Consequently such repeals will be avoided if such result reasonably can be reached. Neessen v. Armstrong, 213 Iowa 378, 239 N. W. 56; Fowler v. Board of Trustees of Water Works of Ottumwa et al., 214 Iowa 395, 238 N. W. 618; Ogilvie v. City of Des Moines, 212 Iowa 117, 233 N. W. 526. On the other hand, "it is a familiar rule of statutory construction that, where statutes are repugnant and cannot be reconciled, the one last enacted must be given effect." Owens v. Smith, 200 Iowa 261, 204 N. W. 439, 441; Clear Lake Co-op. L. S. S. Association v. Weir, 200 Iowa 1293, local citation 1301, 206 N. W. 297. See also Rains v. First National Bank of Fairfield, 201 Iowa 140, 206 N. W. 821; Way v. Collins Oil Co., 187 Iowa 1375, 173 N. W. 20; Daytòn v. Pacific Mutual Life Insurance Co., 202 Iowa 753, 210 N. W. 945; Solberg v. Davenport, 211 Iowa 612, 232 N. W. 477.

But it is claimed by the appellant that because the primary road bonds may be paid through the state gasoline tax, or by some other method, the Legislature intended to exclude them from the operation of section 1171-d4, above mentioned. There is nothing in the legislation to indicate this intent. On the contrary, section 1171-d4 is all-inclusive and, by express language, applies to all

bond issues of the kind contemplated "statutes to the contrary notwithstanding". Section 1171-d4 of the 1931 Code, by its own language, indicates that the Legislature intended thereby to repeal all the statutes contrary thereto. When enacting section 1171-d4, the Legislature had in mind former statutes, including section 4753-a11 relating to the vote required for bond issues by a county, township, school district, city, or town, or any other local board or commission. Nothing was covered by section 1171-d4 except the vote required to carry a bond issue of the kind contemplated. It is admitted by the appellant, and all concerned, that primary road bonds are county bonds. These bonds are obligations of the county. So they are county bonds. They, being county bonds, are included within the prohibition of section 1171-d4 of the 1931 Code. Before elections to authorize their issuance can be carried, then, it is necessary that

"The vote in favor of such authorization is equal to at least sixty per cent of the total vote cast for and against said proposition."

Because, then, the vote at the election under consideration in favor of the proposition did not reach the 60 per cent required, the proposition was not carried at the election.

II. It is further argued by the appellant, however, that section 4753-a11 was not repealed because the Legislature did not conform to the requirements made in section 47 of the 1931 Code. This last-named section provides:

"Bills designed to amend, revise, codify, or repeal a law: 1. Shall refer to the number of the section or sections of the code to be amended. 2. Shall refer to the number of the chapter or chapters and title of the code to be amended. 3. Shall refer to the number of the general assembly and of the sections and chapters of the acts thereof to be amended in case the bill relates to a section or sections of an act not appearing in the code. 4. All references shall be expressed in words, followed by the numerals in parentheses, and if omitted the reporter of the supreme court in preparing acts for publication in the session laws shall supply the same."

There is no claim by the appellees that the Legislature, in adopting section 1171-d4, complied with section 47 when repealing section 4753-a11. The question here raised by the appellant, never-

theless, has been disposed of by this court in previous cases. In Solberg v. Davenport, 211 Iowa 612, we said on page 624, 232 N. W. 477, 483:

"With the latter proposition [the one now raised by the appellant in the case at bar] we cannot agree. The general rule is too well settled to need citation of authority that each Legislature is an independent body entitled to exercise all legislative power under the limitation of the Constitution of this state and the United States, and no Legislature can pass a law which would be binding on subsequent Legislatures. We think this rule applies to the situation before us [the one before us in the case at bar]. In other words, section 47 of the Code 1927 was utterly disregarded by the Legislature; yet it cannot be held invalid because thereof. Authorities on this proposition are not numerous, but those we have been able to find announce this doctrine."

So far, then, as section 47 of the Code is concerned, section 1171-d4 thereof, by implication, repealed section 4753-a11 under consideration.

III. Remaining for consideration, then, is appellant's argument based on the theory that section 1171-d4 is unconstitutional.

Several propositions are argued by the appellant on the constitutional phase of the controversy. There are involved the following provisions of the Iowa Constitution: Sections 29 and 30 of Article III and sections 2, 6, and 25 of Article I. Because of the many arguments involved, under this subject, the discussion must necessarily be somewhat disjointed. For convenience we will pursue these questions in the order of the appellant's complaints.

Nowhere in section 1171-d4, as argued by the appellant, is there granted privileges contrary to section 30, Article III, of the Constitution, to certain citizens, or classes of citizens, not offered upon the same terms to the appellant. The law applies uniformly and generally, not only to the citizens of Butler county, but to each county and the citizens thereof in the state of Iowa. No bonds of the kind contemplated by section 1171-d4 can be issued in Butler, or in any other, county of the state without the vote required. Therefore, the law has uniform application and applies to every county in the state and its citizens, other than Butler county and its citizens, the same as it relates to Butler county and its citizens.

Furthermore, as required by section 29, Article III, of the

Constitution, section 1171-d4, contrary to the appellant's contention, embraces but one subject. Also the objects of the act were expressed in the title. According to the acts of the regular session of the Forty-fourth General Assembly, the title of the law fully expresses the subject embraced in the act. Obviously the title expresses the very purpose of the act, and, as before said, the act contains but one subject-matter. Section 29, Article III, of the Constitution provides that "every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title". It was said in Cook et al. v. Marshall County, 119 Iowa 384, reading on page 397, 93 N. W. 372, 377, 104 Am. St. Rep. 283:

"This, it has often been held, does not require a construction forbidding the inclusion in one act of all matters germane to the main proposition or purpose sought to be effected, even though they are not specifically mentioned in the title. If there is a 'unity of object' in the various provisions, and that general object is indicated by the title, then, no matter how multifarious the provisions of the act, it sufficiently complies with the constitution."

Again this court said in Dayton v. Pacific Mutual Life Insurance Co., 202 Iowa 753, reading on page 757, 210 N. W. 945, 946:

"The intent of this constitutional provision is to prevent the union in the same act of incongruous matter and of objects having no connection or relation thereto. The unity of object is to be looked for in the ultimate end designed to be attained, and not in the details looking to that end."

To the same effect, see Beresheim v. Arnd, 117 Iowa 83, local citation 89 and 90, 90 N. W. 506.

Incongruous matters are not embraced within the provisions of section 1171-d4 of the 1931 Code. On the other hand, the matters embraced in that section are connected with and related to each other. The section has unity of object, and therefore does not violate the constitutional provision under consideration.

Section 2, Article I, of the Constitution provides that:

"All political power is inherent in the people. Government is instituted for the protection, security, and benefit of the people, and they have the right, at all times, to alter or reform the same, whenever the public good may require it."

Clearly, there is no basis for the appellant's contention that section 1171-d4 violates this provision of the Constitution. There is nothing in the Constitution providing that a bond issue of the kind in question may be carried by a majority vote, as distinguished from the vote required in section 1171-d4.

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Tenth Amendment to the Constitution of the United States.

In connection with the foregoing principles, it must be further understood at this time that the state Constitution is not an instrument which confers powers upon the people, but rather it prohibits certain powers otherwise existing. Gallarno v. Long, 214 Iowa 805, local citation 818, 243 N. W. 719. Under this principle, then, the people, through our Legislature, had the power to enact section 1171-d4, unless the state Constitution prohibited it. As before suggested, there is no such prohibition in the state Constitution. Without the prohibition in the state Constitution, the state legislature had the constitutional power to enact the legislation. In re Plurality Elections, 15 R. I. 617, 8 A. 881; State ex rel. Saunders v. Clark, 59 Neb. 702, 82 N. W. 8. It is not claimed by the appellant that the federal Constitution in any way prohibits the enactment of section 1171-d4.

Accordingly, contrary to the appellant's claim, section 1171-d4 does not violate section 25, Article I, of the Iowa Constitution. After carefully considering the appellant's arguments on the constitutional phases of this act, it is apparent that the law is not unconstitutional. Before an act will be declared unconstitutional, the unconstitutionality must plainly, clearly, and palpably appear. Gallarno v. Long (214 Iowa 805, 243 N. W. 719), supra. The appellant in the case at bar has not shown the statute under consideration to be plainly, clearly, and palpably unconstitutional. It is plain, therefore, that the district court properly sustained the appellees' motion to dismiss the appellant's petition.

Wherefore, the judgment and decree of the district court must be, and hereby is, affirmed.—Affirmed.

STEVENS, MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.