KING v. CITY OF McALESTER et al.
No. 36533.

Supreme Court of Oklahoma.
July 20, 1954.

A: James Gordon, McAlester, for plaintiff in error.

Walter J. Arnote, City Atty., McAlester, for defendants in error.

CORN, Justice.

By appropriate emergency legislation the city of McAlester enacted two separate ordinances on July 16, 1953, and provided for the calling and holding of elections thereon. Ordinance No. 880 submitted the question whether the city should issue a million dollars in city bonds for improvement and extension of the water system. Ordinance No. 881 submitted the question of pledging a fixed amount ($50,000) of the water revenues annually toward retirement of these bonds.

Plaintiff brought this action for himself, and in behalf of other taxpayers, to determine the legality of the election. It was alleged that irregularities, errors and mistakes in the conduct of the election and tabulation of the returns caused the propositions submitted to fail to receive the constitutional majority provided by law; that a recount established these errors and irregularities in the voting; that some bonds had been sold to the defendant banks, but the advertising and sale thereof was illegal and void and such bonds should be cancelled and the defendant enjoined and restrained from disposing of any other bonds.

Defendants plead that each proposition submitted had carried by a majority of the voters who voted at the elections called for and held upon each proposal submitted. They admitted certain irregularities in the election, but alleged that two cases contesting the elections had been filed shortly after same were held, combined for purposes of trial and continued from time to time until a recount was held by the county election board, under supervision of the district court; that upon the basis of the recount it was determined that both propositions had been approved by a lawful majority of the qualified, property tax paying voters; that the trial court approved the election board's findings as correct and found that the irregularities did not change the result of the election upon either proposition; that there were separate election proclamations, separate ballots and separate elections upon each of these propositions,

and that each had carried by a majority of the voters; that the trial court had dissolved the temporary injunction and restraining order enjoining the defendant city from proceeding further with this bond issue. The defendants further alleged such order had been entered by the trial court January 7, 1954 and same was not appealed from, so the order entered is res judicata of all the issues sought to be presented in this action.

When the present case was heard (April 24, 1954) the parties stipulated all the testimony, exhibits and proceedings in the prior cases (No. 23,695—Bryant v. Taylor, et al., and No. 23,702, Ward v. City of McAlester, et al.) could be introduced and considered as a part of the record in this case. After hearing the matter the trial court entered judgment that the propositions were duly passed, published and voted upon and carried by a majority of the voters, and that irregularities in the conduct of the election had no effect upon the results of the election; that Art. X, § 27 of the Constitution requires that indebtedness for the purchase, construction or repair of public utilities must be carried by a majority of the property tax paying voters of the city, voting at an election held for such purpose, and that the election held under Ordinance No. 880 was for that purpose. Further, the election held under Ordinance No. 881 was not for the purpose of incurring indebtedness by the city, but was directory only; that two distinct elections were held (August 4, 1953) each as authorized by separate ordinance, and at such elections each proposition carried by a majority of the tax paying voters who voted at such elections.

Plaintiff appeals upon the basis that proposition 1 (the million dollar bond issue) was submitted at an election at which a majority of the voters actually voting did not vote therefor, while the law requires that a majority of the total number voting in such election must vote before the particular proposition can be considered to have been adopted.

Supporting this theory plaintiff points out that at the election upon the two propositions a total of 2,230 ballots were cast, 13 of which were mutilated, thus leaving a to-tal of 2,217 ballots actually cast. On the bond issue (proposition 1) 1,098 votes were cast for the bonds and 941 votes were cast against the proposition. Since a mathematical majority of the votes cast would amount to 1,109 votes, the plaintiff concludes that the election failed to carry by a majority (11) of the votes actually cast, and that the judgment should be reversed and the defendant city enjoined from proceeding further with issuance and sale of these bonds.

In their arguments supporting their respective positions both parties to the appeal concede the existence of a severe conflict of authority upon the question whether, at an election held for a specific purpose, a majority of those voting at such an election must vote for the special proposition before it can be adopted, even though the proposition carries by a majority of those who do cast votes upon such special proposition. Plaintiff relies upon numerous cases from other courts to the effect that in such instances the law requires a majority of the voters who vote at such election. Examination of these cases reveals that in most instances they are early decisions, and generally that the particular holding was based upon consideration of statutes containing provisions which vary somewhat from our own statutes.

No purpose would be served by citation and discussion of these cases, since we are of the opinion the trial court's judgment should and can be upheld upon the early decision of this court, cited by defendants, which was reannounced in Board of Education of Oklahoma City v. Woodworth, 89 Okl. 192, 214 P. 1077. In this case a special election was held for submission to the voters of the question of a bond issue for a school district, under the requirement of Const., Art. 10, § 26. At this same election a further proposition for an excessive tax levy was submitted to the voters. The elections were held together, and the same officials were designated to handle the balloting upon both questions. Thus a great factual similarity is to be observed between that case and the matter with which we are concerned here, and, in an attack upon the validity of the election upon the bond issue

essentially the same contention was made as that advanced by plaintiff herein.

In upholding the legality of the election upon the school bond issue the court noted the conflict in the decided cases involving this question, but based the decision upon the early case of Territory ex rel. McGuire v. Board of Trustees for High School of Logan County, 13 Okl. 605, 76 P. 165, and quoted therefrom as follows:

"Where an election is legally called and held under article 1, c. 28, p. 187, of the Laws of 1901, to determine whether a county high school shall be established, and at which a majority of the votes cast upon the proposition are in favor of the same, the proposition will be adopted, although it may not have received a majority of all the votes cast upon other questions submitted at the same election."

After citing numerous cases from other jurisdictions following this principle, the court then pointed out that since the territorial court had followed this line of reasoning and adopted such rule, no reason appeared why the rule should not be applied to the case then being considered.

Other matters are suggested and argued by the parties to this appeal. We perceive no reason for prolonging this discussion by an exhaustive analysis of suggested principles of law and application thereof to this case. The factual situation is analogous to that in the Woodworth case, supra. Herein the election was called and held under the specific constitutional requirement. It is neither suggested nor contended the election was improper, other than in the voting irregularities, which the trial court specifically found to be insufficient to change the result of the election.

We are of the opinion, and hold, that in the election held as heretofore set forth the trial court correctly found that the question of the issuance of bonds (proposition 1) was properly submitted for consideration of the qualified voters in a special election called for that purpose, and that the question received a majority of the votes cast upon the proposition.

Judgment affirmed.

JOHNSON, V. C. J., and DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.