DICKINSON COUNTY MEMORIAL HOSPITAL CORPORATION et al., appellees, v. E. O. JOHNSON et al., appellants; C. H. ARTHUR, intervenor-appellant.

No. 49177.

(Reported in 80 N.W.2d 756)

Jack H. Bedell, of Spirit Lake, for appellants.

K. B. Welty, of Spirit Lake, for intervenor-appellant.

Peter B. Narey and W. B. Bedell, both of Spirit Lake, for appellees.

OLIVER, J.—In accordance with the provisions of chapter 347, Code of Iowa, 1954, the board of supervisors submitted to the voters of Dickinson County, at the (next) general election in November 1956, a proposition properly presented to said board, to establish a county public hospital and to borrow money to pay for the site, hospital and equipment, by issuing bonds, and levying a tax to pay the principal and interest thereof. Following the election, the canvass of the votes upon the proposition showed 3748 "yes" votes and 2382 "no" votes. Based upon these figures the proposition carried by more than 60% of the total vote. However, there were also 91 blank ballots and 91 improperly marked, rejected ballots. If these were included in the total, the affirmative votes were less than 60% thereof.

The board of supervisors refused to declare the proposition carried by the required 60% and plaintiffs brought mandamus to compel the board to make such declaration and to give notice accordingly. C. H. Arthur intervened on behalf of the defendants. Upon trial the court adjudged that the proposition in question carried at the election by more than 60% of the votes, and ordered the board to so declare and to publish notice as provided by law. Defendants and intervenor have appealed.

Chapter 347, Code of Iowa, 1954, is entitled "County Public Hospitals." Section 347.3 provides that, upon presentation of a proper petition to the board of supervisors, it shall submit to the voters of the county at the next general election the question of issuing bonds and levying a tax for such hospital.

Section 347.5 states in part: "Should a majority of all the votes cast upon the proposition at a general election be in favor of establishing such hospital," the board shall proceed to issue the bonds, etc.

However, after the adoption of the foregoing statutes the legislature had enacted what is now Code section 75.1 which provides:

"Bonds—election—vote required. When a proposition to authorize an issuance of bonds by a county * * * is submitted to the electors, such proposition shall not be deemed carried or adopted, anything in the statutes to the contrary notwithstanding, unless the vote in favor of such authorization is equal to at least sixty percent of the total vote cast for and against said proposition at said election."

This statute is here applicable and it increases the affirmative vote required to carry the proposition, from a majority, to sixty percent. Waugh v. Shirer, 216 Iowa 468, 249 N.W. 246.

The distinguished trial court held that, in computing "the total vote cast for and against said proposition", the blank ballots and the improperly marked, rejected ballots should not be included. The quoted language of the statute appears to require that conclusion and the weight of authority supports it. Obviously, a blank ballot is not a vote for or against a proposition and should not be counted on either side. Nor may a ballot be counted which is denied recognition because it is found to be invalid as not properly marked, or for some other reason.

The noun "vote" is sometimes defined as the formal expression, by one legally qualified, of his choice for or against a proposition. See 29 C. J. S., Elections, section 19; Words and Phrases, Volume 44, page 452. When such formal expression is authorized by law, it must be made in the form and manner prescribed by law. Hence, a ballot which is properly rejected for noncompliance therewith is not, strictly speaking, a vote, and, of course, may not be counted for or against the proposition in question.

The text in 64 C. J. S., Municipal Corporations, section 1927, page 543, states: "In ascertaining the total number of votes cast on a proposition to issue municipal bonds it is proper

and necessary to count the legal and intelligible ballots found in the ballot box at the close of the polls, and to disregard ballots which are blank, or unintelligible, or which bear distinguishing marks, or which are for any reason illegal."

18 Am. Jur., Elections, section 246, page 342, states: "The weight of authority adheres to the view that * * * blank and illegal ballots should be rejected in computing the number of votes."

As pointed out in Kellams v. Compton, Mo., 206 S.W.2d 498, 499, 4 A. L. R.2d 612, 614, 615: " 'Votes cast on the proposition' and 'voting thereon' are to be construed in their ordinary and usual sense and they mean 'expressing the will, mind or preference; casting, or giving a vote.' They do not include votes or ballots that do not cast a vote on the proposition. Illegal or void votes may not be counted, either for or against the proposition submitted, even though they may have been received, placed in the ballot box and constitute some of the total number of ballots."

Among other like decisions are: Attorney General v. Genesee County Board of Supvrs., 166 Mich. 61, 131 N.W. 163; Greathouse v. Dix Rural School Dist., 155 Neb. 883, 54 N.W.2d 58, 61; In re Contest of Le Sueur Election, 127 Minn. 318, 149 N.W. 472; Mueller v. Holter, 46 S. D. 535, 194 N.W. 844; King v. City of McAlester, Okla., 273 P.2d 139; Board of Education v. Woodworth, 89 Okla. 192, 214 P. 1077; State ex rel. Short v. Clausen, 72 Wash. 409, 130 P. 479, 45 L. R. A., N.S., 714; State ex rel. Hungate v. Topeka, 68 Kan. 177, 74 P. 647; Catlett v. Knoxville, S. & E. Ry. Co., 120 Tenn. 699, 112 S.W. 559; Port of Palm Beach Dist. v. State, 156 Fla. 99, 22 So.2d 581; State ex rel. McCue v. Blaisdell, 18 N. D. 31, 119 N.W. 360; Armstrong v. City of Hartford, 138 Conn. 545, 86 A.2d 489. Many other decisions are shown in an annotation in 131 A. L. R. 1382 et seq.

Of the holdings which do not accord with those cited herein, none called to our attention is based upon statutory language like that of Code section 75.1.

It is our conclusion the trial court was correct in excluding the rejected and the blank ballots from the count, and in ad-

396

judging the proposition was carried by the required vote and ordering that the board of supervisors so declare and publish.— Affirmed.

All JUSTICES concur.