FERNEKES & BROS. v. CASE *et al.*

Statute of Limitations: COMMENCEMENT OF ACTION: DEFECTIVE NOTICE. An original notice in an action on account was placed in the hands of the sheriff, and was duly served, May 1, 1886. On the twenty-fourth of the next month the action would have been barred by the statute of limitations. The notice was defective in that it required defendants to appear at the next August term of the circuit court, which it stated would begin on the thirtieth day of August, when in fact it began on the thirty-first day of August. At this term there was no appearance, and the cause was continued, and another notice served on defendants. *Held* that the defect in the first notice was fatal, and that the beginning of the suit dated from the time the second one was placed in the hands of the sheriff and that, therefore, the action was barred. (See cases cited in opinion).

*Appeal from Dickinson District Court.*—HON. GEORGE H. CARR, Judge.

FILED, SEPTEMBER 8, 1888.

THIS is an action upon an account for goods and merchandise sold and delivered. There was a demurrer to the petition, which was sustained, and plaintiffs appeal.

*J. W. Cory,* for appellants.

*Orson Rice* and *Parker & Richardson,* for appellees.

ROTHROCK, J.—I. The last item of the account upon which the action was brought was dated June 24, 1881. The cause of action would therefore have been barred on the twenty-fourth day of June, 1886. Code, secs. 2529, 2531. An action is deemed to be commenced, within the meaning of the statute of limitations, on the day when the original notice is delivered to the sheriff for service with intent that it be served immediately. Code, sec. 2532. The original notice in this case was delivered to the sheriff, and was served upon the defendants on the first day of May, 1886. This was within the five years' limitation fixed by statute. The notice required the defendants to appear and defend before noon of the first day of the August term, 1886, of the circuit court of Dickinson county, to commence on the thirtieth day of August, 1886. The judges of the district had made a .rule that all parties should appear before noon of the first day of the term to which they were cited to appear. The August term, 1886, of said circuit court did not commence on the thirtieth day of that month. It commenced on the thirty-first day of the month. The notice, in so far as it fixed the date of the commencement of the term, was founded in mistake, and might be said to be misleading. The cause was continued at the August term, and another original notice was served upon the defendants. This last notice was delivered to the sheriff more than five years after the last item of the account accrued. The defendants appeared at the next term after the last-named notice was served, and demurred to the petition upon the ground that the action was barred by the statute of limitations. Appellant contends that the court erred in

sustaining the demurrer.   We think the question must be determined by the proper effect to be given to the first notice, and the true inquiry is, did the first notice give the court jurisdiction of the defendants, so that if, at the August term, the court had rendered a judgment by default against them, the judgment would not have been void for want of jurisdiction? In other words, could a judgment by default have been questioned in any other way than by a motion to set aside the default, or by appeal or other direct proceeding? The statute requires that the original notice shall state the term at which the defendant is required to appear, naming it. The notice stated the term, but did not state the correct date at which defendants were required to appear. In this respect the case is precisely like *Boals v. Shules*, 29 Iowa, 507, in which it was held that the notice was insufficient.   It is true, the question arose in that case upon a motion to set aside a default on the part of defendants. But in the subsequent case of *Haws v. Clark*, 37 Iowa, 355, the same question arose in a collateral attack upon the judgment, and it was held that the notice conferred no jurisdiction.   And in the case of *Jones & McGee Lumber Co. v. Boggs*, 63 Iowa, 589, it was held that a notice which did not state the term of court at which the appearance was required did not confer jurisdiction. See, also, *Kitsmiller v. Kitchen*, 24 Iowa, 163.   We think that it must be held that the first notice was not merely a defective notice, but that it lacked an essential requirement of the statute, and that it was no notice, and that the delivery of it to the sheriff, and its service, did not arrest the operation of the statute of limitations.

II.   As the second notice was delivered to the sheriff, and served after the account was barred, the action was not commenced until that time, and the demurrer was properly sustained.   See *Lumber Co. v. Boggs, supra*.

AFFIRMED.