IN RE ESTATE OF MARY TRINDLE.

LUELLA IMES et al., Appellants, v. FORREST E. BROOKER et al., Appellees; STATE BOARD OF SOCIAL WELFARE and H. G. TILTON, Administrator.

No. 45499.

APRIL 8, 1941.

Charles D. Van Werden and R. R. Nesbitt, for appellants.

C. A. Robbins, for appellees.

H. G. Tilton, Administrator, per se.

John M. Rankin, Attorney General, for State Board of Social Welfare and the State of Iowa.

SAGER, J.—On February 21, 1940, Ida M. Coe, proponent, filed a petition to probate the will of Mrs. Trindle. Objections were filed by contestants, heirs at law of a deceased brother of the testatrix. These objections are in effect that the purported

will was not executed and witnessed in the manner required by law. On the date for hearing the petition to probate, two witnesses were called to testify to what was claimed to be the due and legal execution of the instrument.

At this hearing were present Ida M. Coe and her attorney. On the same day the court entered its order and finding that the purported will was not a valid will and denied probate.

An administrator was appointed of the estate. Before the order just mentioned was entered this took place, "The Court: Is there any reason that the court can probate this as a will, Mr. Van Werden? Mr. Van Werden: Well, to be honest with the Court there is some question in my mind. The Court: I don't think there is any. Probate of the will will be denied."

On May 4, 1940, proponent-appellants filed what was termed a motion to expunge record, set aside order, to reopen case and hear further testimony.

The ground for said motion was that proponents had discovered new and material evidence. It was alleged that Seiler had a conversation with the testatrix in which she said that she had made a will and that two witnesses had signed it; that the will was in a tin box in a closet in her home. The motion further asserts that Seiler would also tell about having gotten the box he opened it and in the presence of the testatrix and saw an envelope marked "Mrs. Mary Trindle will". It was alleged that he would testify to other matters along the same line. The motion likewise claimed newly discovered evidence in the knowledge of one Hollen, a banker familiar with Mrs. Trindle's signature who would testify that the signature to the purported will was in her handwriting. A date was fixed for the hearing. Contestants filed a resistance in which they alleged that the attorney for the proponent (Ida M. Coe) prepared the order denying probate, that no exception was taken and that the appointment of the administrator was made with the consent of Ida M. Coe and her attorney. Other matters are set forth which are claimed to show acquiescence in the court's rulings.

As another ground of resistance it was alleged that Seiler was present in the courtroom when the hearing to probate the will was had; and that his testimony and that of the banker would have no tendency to establish the proper execution of

the will. Contestants filed a motion to strike the motion filed by proponents. When this motion was called up the trial court said to contestant's attorney: "I am not going to pass on your motion to strike the motion: that may be submitted with the main case." Seiler and the banker were called and testified substantially as the motion to expunge the record alleged they would.

At the conclusion of the hearing the court in making its ruling said in part: "* * * If this is a Motion for a new Trial of course it is filed too late. I don't believe the Court can go in at any time during term time and control the record so as to change a ruling theretofore made." It should be said in this connection that the motion was filed thirty-five days after the will was denied admission to probate. "* * * he can correct errors and matters of that kind, but I don't believe that Statute finding the Court has control over the records and authority to change them during the term is any reason for granting a new trial, * * * I was in good faith in making that ruling (denying probate) and understood at the time from what took place here that there really wasn't very much controversy whether the record (sic) should be probated or not, and that it was generally conceded it couldn't be probated, * * * I don't think the testimony of Mr. Seiler himself is sufficient to authorize the Court to grant a new trial even if he could at this time. He was sitting in the court room during the entire hearing before."

The court without further passing on the question whether Seiler's testimony had any bearing on the due execution of the will continued as follows: "* * * my ruling was based on the proposition that Miss Devine signed as a witness without seeing the signature of Mrs. Trindle at all, and didn't know if Mrs. Trindle signed it." The order concludes by overruling proponent's motion.

It will be seen that the case presents a somewhat unusual question. An order allowing the probate of a will is conclusive until set aside by original or appellate proceeding, though we have laid down the rule that the formal notice of probate by publication is not binding on those who have not been personally served or do not appear. Gregg v. Myatt, 78 Iowa 703, 42 N. W. 461, 43 N. W. 760. In the case before us Ida M. Coe appeared

not only by attorney but in person and in effect consented to the denial of probate of her sister's will. We have examined the testimony of Seiler and of Hollen, the banker, and find therein nothing bearing on the question whether this will was executed with the formalities required by law. Consequently, if this motion be regarded as a motion for a new trial as the trial court seemed to regard it, it was properly overruled for two reasons. One is that it was filed later than the period allowed for the filing of such motions, and there had been no extension of time granted by the court for filing it. The other is that the so-called newly discovered evidence casts no light on the question as to whether the will was signed or witnessed as by law required. As to the proponent Coe the original order denying probate was conclusive and the judgment of the trial court right.

We have then the further question as to the right of Luella Imes to raise the question in the manner attempted here. We said in In re Will of Middleton, 72 Iowa 424, 34 N. W. 193, that the proper method of review was by appeal or by an original action. This was in keeping with the statute then and now in force.

We held in In re Estate of Emerson, 191 Iowa 900, 905, 183 N. W. 327, that our probate legislation covers the entire field of succession and that ''every conceivable case is comprehended within the statute. Equitable rules cannot be imposed, nor the canons of common or civil law invoked.'' We do not find in the Code nor in our decisions, any warrant for the mode of procedure attempted by appellant Imes. She was not a party, was not concluded by the court's order and she is not in a position in this case to ask for a new trial. That she was not bound by the order denying the will to probate may be conceded but she has misconceived her remedy. This conclusion makes it unnecessary that we analyze the testimony with reference to the execution of the will. Appellee's motion to dismiss this appeal has been considered and overruled. We hold the trial court was right in its order overruling the motion and its ruling on the motion is affirmed.—Affirmed.

HALE, C. J., and BLISS, MILLER, OLIVER, STIGER, WENNER-STRUM, and GARFIELD, JJ., concur.