GLEN D. CRAWFORD et ux., appellees, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 48904.

(Reported in 76 N.W.2d 187)

April 4, 1956.

Dayton Countryman, Attorney General, Norman A. Erbe, Special Assistant Attorney General, Daniel T. Flores, Assistant Counsel, and Minnich & Minnich, of Carroll, for appellant.

Dale P. Carpenter, of Coon Rapids, and Leighton A. Wederath, of Carroll, for appellees.

PETERSON, J.—This case involves only one question: interpretation of sections 472.18 and 472.19 of the Code of Iowa, 1954.

On October 7, 1954, the Iowa State Highway Commission condemned, for highway purposes, a tract containing 3.03 acres from the farm of Glen D. and Hazel Crawford near Coon Rapids in Carroll County.

On November 3, 1954, notice of appeal from the verdict of the condemnation jury was served on the chief engineer of the highway commission. The case was filed on November 3, 1954, in the district court of Carroll County. The highway commission filed a motion to dismiss the case for the reason that no notice of appeal had been served upon the sheriff of Carroll County. The motion was overruled by Judge Bruce M. Snell. The case was tried, and after trial the highway commission filed motion to vacate the judgment for the same reason. On July 29, 1955, Judge William C. Hanson overruled the motion. The Iowa State Highway Commission has appealed.

The procedure of eminent domain involves the taking of private property for public use. Under our fundamental theory of strict justice as to the rights of the individual, such procedure must fully protect the landowner. Because of the importance of eminent domain, it is a part of our constitution. Article I, section 18.

The procedure for power of eminent domain is now contained in what is known as chapter 472, Code of 1954.

Section 472.18 provides for notice of appeal in condemnation cases, and is as follows: "Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney,

and the sheriff, written notice that such appeal has been taken."

This section of the Code has been included in all Code Revisions for almost a hundred years, appearing first in the Revision of 1860. It applies to all types of condemnation proceedings.

In 1937 the Forty-seventh General Assembly adopted the Act known as chapter 203, which is now section 472.19 as follows: "Such notice of appeal shall be served in the same manner as an original notice. In case of condemnation proceedings instituted by the state highway commission, when the owner appeals from the assessment made, such notice of appeal shall be served upon the attorney general, or the special assistant attorney general acting as counsel to said commission, or the chief engineer for said commission. When service of notice of appeal cannot be made as provided in this section, the district court of the county in which the real estate is situated, or a judge thereof, on application, shall direct what notice shall be sufficient."

■ II. Section 472.18 is general in its nature. It applies to every type of condemnation proceeding.

Section 472.19 is special in its nature. Outside of, the first sentence it applies only to appeals having reference to the highway commission.

■ The distinction between these two classes of statutes is analyzed briefly in 82 C. J. S., Statutes, section 163, page 277, as follows: "A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special."

Section 472.18 relates to condemnation proceedings, as a class. Section 472.19 relates to a particular condemner, the highway commission.

■ When we have as a part of our legislative law, a general statute such as section 472.18, amended by a special statute, such as section 472.19, the provisions of the special statute prevail. State ex rel. Weede v. Iowa Southern Utilities Co., 231 Iowa 784, 2 N.W.2d 372, 4 N.W.2d 869; Ervin.v. Triplett, 236 Iowa 272, 276, 18 N.W.2d 599, 601, and citations; 50 Am. Jur., Statutes, section 564; 59 C. J., Statutes, section 623; Ziegler v. Witherspoon, 331 Mich. 337, 49 N.W.2d 318, 331; In re Miller's Estate,

261 Wis. 534, 53 N.W.2d 172, 173; Yarn v. City of Des Moines, 243 Iowa 991, 54 N.W.2d 439; Iowa Mutual Tornado Ins. Assn. v. Fischer, 245 Iowa 951, 65 N.W.2d 162, 165; Liberty Consolidated Sch. Dist. v. Schindler, 246 Iowa 1060, 70 N.W.2d 544.

A general analysis of this legislative situation appears in 82 C. J. S., Statutes, section 369: "For purposes of interpretation, legislative enactments have long been classed as either general or special, and given different effect on other enactments dependent as they are found to fall into one class or the other. Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; and this is true a fortiori when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage."

The subject is also analyzed in 50 Am. Jur., Statutes, section 367, as follows: "It is an old and familiar principle, closely related to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision. Additional words of qualification needed to harmonize a general and a prior special provision in the same statute should be added to the general provision, rather than to the special one. Under these rules, where there is, in the same statute, a general prohibition of a thing and a special permissive recognition of the existence of the same thing under regulation, the particular

specified intent on the part of the legislature overrules the general intent incompatible with the specific one."

This court has considered this question in the recent case, decided in 1955, of Liberty Consolidated School District v. Schindler, supra, at page 1065 of 246 Iowa, page 547 of 70 N.W.2d, as follows: "It is a fundamental rule that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the special Act will be considered an exception to or qualification of the general statute and will prevail over it, whether it was passed before or after such general enactment."

In view of the decisions of this court and of well-established rules of interpretation, service upon the highway commission in accordance with section 472.19, a special statute, is sufficient. It is not necessary that the sheriff of the county be served.

III. Another reason for deciding that service under section 472.19 is sufficient, is that this is the latest expression of the legislature on the subject. In arriving at the effect of amendments the fact that a certain amendment is a later expression, or the latest expression, of the legislature on the subject is often important in arriving at an interpretation. This is especially true where there might be the appearance of a conflict between the earlier statute and the amendment thereto. The rule varies somewhat, because where there is a prior special statute it takes precedence over a later general statute. However, in the interpretation of the two sections involved in this case the general rule as to later legislative expression has weight. Section 472.18 was in effect since Iowa became a state. At that early date there was no highway commission. To meet modern conditions it became, by legislative enactment, an administrative arm of our state government. Section 472.19 creates procedure with reference to appeal which is now the latest word of the legislature on the subject. It is clear, decisive and all inclusive within its terms, and, being the latest expression, it controls.

IV. It was clearly the intention of the legislature to create two methods of serving notice of appeal in condemnation cases. One method is for appeals from condemnation by Iowa State

Highway Commission, which are quite prevalent. The other is to be used in all other appeals. Unless there was an intention on the part of the legislature to create a special method on appeal in highway cases, the provisions of section 472.19 would be meaningless and futile. Without this section the provisions of 472.18 covered all cases, including highway cases. When the legislature adopts a statute, or an amendment, some reason for it, and some meaning with reference to it, should be read into the statute. Andrew v. American Sav. Bank, 217 Iowa 447, 252 N.W. 245; Hansen v. Iowa Employment Security Comm., 239 Iowa 1139, 34 N.W.2d 203.

There is reason for a distinction between cases where the sheriff is to be served, and where in highway cases it is not necessary to serve him. In the first class of cases the sheriff selects the jury, and the procedure is distinctly under his jurisdiction. In the second class of cases, when a condemnation proceeding is filed, the Chief Justice of the Supreme Court selects the condemnation jury.

On this question 50 Am. Jur., Statutes, section 357, states as follows: "In the construction of statutes, the courts start with the assumption that the legislature intended to enact an effective law, and the legislature is not to be presumed to have done a vain thing in the enactment of a statute."

In 82 C. J. S., Statutes, section 384, page 904, we find the following general statement: "It will be presumed that the legislature, in adopting an amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment."

V. Counsel for appellant specifies four reasons for reversal. The first proposition is that statutes as to appeal should be strictly construed. As a general rule this is correct. However, there are other matters to be considered in connection with construction of statutes, as we have already outlined, and the general rule of strict construction would not in this case overcome such matters.

The second, third and fourth propositions urged by appellant have all been heretofore considered.

VI.   Counsel for both appellant and appellees offered argument at some length for and against the proposition that a motion to dismiss constituted general appearance in the case by appellant. In view of our affirmance on the basis of sufficient notice of appeal, it is not necessary to give consideration to this proposition.

The rulings of the trial court overruling motion to dismiss, and motion to vacate judgment, and the judgment entered accordingly, are all affirmed.—Affirmed.

All JUSTICES concur.