IN RE ESTATE OF MAT S. MARTY, deceased.

ROY BAKEWELL, appellant, v. MELVIN MARTY et al., appellees.

No. 51203.

(Reported in 126 N.W.2d 303)

February 11, 1964.

Ray E. Clough, of Mason City, for appellant.

Linnan, Lynch & Straub, of Algona, for appellees.

THOMPSON, J.—This appeal involves the narrow question whether, within the limits of the statute of limitations, successive contests to the validity of a will may be made by interested parties. Saying that the issue is narrow, however, does not mean that it is simple. Many a narrow strait presents the most seriour dangers to the sailor; and so we have found it here. We hope the waters of the present channel are not entirely beyond our depth.

Mat S. Marty died on March 13, 1962. He left a last will which was filed for probate on March 19, 1962. Apparently he left no surviving spouse or heirs of his body. His will directed payments of expenses of administration and all taxes, made a small bequest to a nephew, Melvin Marty, appointed an executor, and directed that the remainder of his estate be converted into cash, divided into fourteen shares, and distributed to several nieces and nephews in stated shares. George Marty was bequeathed a one-half share, which would be one twenty-eighth of the entire net estate. The contestant Roy Bakewell, a nephew, was not named as a beneficiary, nor listed in the preliminary inheritance tax report as an heir.

Before admission of the will to probate, George S. Marty, apparently the same person as the George Marty who was named as a beneficiary, filed objections. Melvin Marty and others, not including the present contestant, filed a resistance. The case was later set for trial; George Marty asked a continuance, which was denied, and the case called for hearing. The contestant George Marty did not appear. A jury was empaneled and sworn. The proponents introduced evidence; no evidence was offered for the contestant, and proponents' motion for directed

verdict was granted, and the will was admitted to probate and costs taxed to the contestant. He later served notice of appeal, but failed to prosecute in this court, and his appeal was dismissed.

Such being the situation in regard to George Marty and his objections, on January 16, 1963, the present action was filed. The contestant Roy Bakewell alleged that he is a resident of Minnesota, is a nephew of the decedent, and that he had no knowledge of the proceedings in the estate of Mat S. Marty and was not notified of them. He asserted the same grounds for invalidity of the will as had been relied upon by George Marty: undue influence of certain proponents operating upon the testator to such an extent that the will was not in fact his will. Upon application of the proponents for adjudication of law points under rule 105, the trial court held that the present action is barred by the former adjudication in the contest brought by George Marty. Plaintiff's petition was dismissed, and he brings this appeal.

I. While the arguments take a considerable range, the substantial question is whether Roy Bakewell is in such relation to George Marty as that the contest brought by the latter, and its decision, is binding upon him as res judicata, or estoppel by judgment. Although there is some difference in the two terms, we think nothing in the present situation calls for a discussion of the distinction, and we shall refer to the defendants' position as being based on res judicata.

II. We can deal shortly with the plaintiff's contention that the judgment in the Marty action was not fully tried out and is not a binding adjudication for that reason. It is apparent that at least the formalities of a trial were had. The matter was at issue; the trial date was fixed; a jury was empaneled; and although the contestant there did not appear or offer any evidence, the proponents did so and a jury verdict was returned. Under these circumstances it cannot be denied that a binding judgment was rendered against George Marty. He had his day in court, and a full opportunity to present his case. He could not now be heard to deny that the validity of the will has been fully determined so far as he is concerned. Having challenged

the validity of the will on a ground selected by himself, he is concluded on all grounds. Niemand v. Seemann, 136 Iowa 713, 717, 114 N.W. 48, 50. Whether, in the event of a successful challenge to the will by another contestant, as is attempted here, he would be entitled to share in the benefits of such an action we do not have occasion to decide and make no pronouncement thereon.

III. In Iowa, admission of a will to probate is evidence of its due execution, and no more, in the absence of a contest. Code of 1962, section 633.38; Kelly v. Kelly, 158 Iowa 56, 56–61 inclusive, 138 N.W. 851, 852, 853; In re Estate of Pierce, 245 Iowa 22, 26, 27, 60 N.W.2d 894, 897. Notice by publication of the time fixed for hearing on admission to probate having been duly given, in the absence of a constitutional challenge to its sufficiency we hold that the present contestant was bound by it, to the extent that a rebuttable presumption of due execution arises after admission to probate. He does not, however, challenge the will on this ground.

IV. But he is not foreclosed from contesting other issues, such as undue influence and mental incompetence, unless in some manner he is bound by the contest made by George Marty. This depends upon whether there was privity between him and Marty. It is the gist of the case. If it be thought that the present action is in fact a second attempt by Marty to challenge the will in Bakewell's name, that although the hands are the hands of Esau the voice is the voice of Jacob, proof thereof is lacking.

Under the rules in general of res judicata, Bakewell is not precluded. In re Estate of Richardson, 250 Iowa 275, 281, 93 N.W.2d 777, 781, lays down the essential elements of a holding of res judicata. They are there stated: "1. Same parties, or parties in privity. 2. Same cause of action. 3. Same issues." We may concede that the same cause of action and the same issues inhere in Bakewell's suit as in Marty's. But clearly the parties are not the same; so unless there was privity between the two Bakewell is not foreclosed by the judgment against Marty. He was not made a party to the first action, no

notice of it was served upon him, and he did not appear or take any part.

While it may not be decisive, the defendants here urge that the probate of wills is a proceeding in rem and so binding upon all the world. Whether a true in rem action has this effect in all cases and under all circumstances we do not decide. We think that when a contest of a will is staged between proponents on one hand and contestants on the other, the action is an adversary one, and generally those not made parties are not bound by the judgment reached. The question was thus answered in Stead v. Curtis, 205 F. 439, 450, 451, C. C. A., 9th Cir.: "It is true that the proceeding is primarily and essentially one in rem; but, when an heir appears to oppose the probate and institutes a contest, it thenceforth presents some of the aspects, and involves many of the considerations characteristic of suits inter partes. That in many branches of litigation a proceeding in rem is converted into a personal suit by the appearance of the defendant is a matter of frequent occurrence and familiar observation." Fitzgerald v. Fitzgerald, 137 U. S. 98, 11 S. Ct. 36, 34 L. Ed. 608, and Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, are cited in support of the rule.

V. We think the governing rule here is stated in Coleman v. Bosworth, 180 Iowa 975, 984, 164 N.W. 238, 241: "Nor is privity established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts." In 50 C. J. S., Judgments, section 788, page 327, it is said: "One whose interest is almost identical with that of a party, but who does not claim through him, is not in privity with him." The general rule is laid down in the same volume and section of C. J. S., page 326: "* * * privity relates to persons in their relation to property and not to any question independent of property, and to make one a privy to an action, so as to bar him by the adjudication, he must have acquired an interest in the subject matter of the action, either by inheritance, succession, or purchase from a party subsequently to the action, or must hold the property subordinately."

The plaintiff here comes within none of the general rules which bind him by the result of an action in which he has

not been a party and has not participated in anyway; nor can Marty's suit be considered as a class action brought for the benefit of all the heirs. It was not so designated, and does not fall within the terms of the rules governing such actions. In fact, no such contention is made.

VI.   Some pertinent language directly applicable to the controversy before us appears in Stead v. Curtis, supra, at page 451 of 205 Fed.: "If we give place to the theory that, in a contest between devisees and a part only of the heirs (the other heirs not being before the court), the judgment operates as an estoppel against all who appear, there is no substantial prejudice to any of the heirs; those who appear have full opportunity to wage their claims, *and the rights of the others remain wholly unaffected.* True, the devisees claiming under the will are, if successful, subjected to the peril of further contests, and possibly of having the fruits of the first contest swept away. But that is a penalty which not infrequently falls upon plaintiffs who carelessly or inadvertently fail to make parties defendant all persons claiming interests in the subject-matter of the suit." (Italics supplied.)

In our own case of In re Estate of Trindle, 230 Iowa 165, 168, 297 N.W. 317, 318, is an equally cogent statement. There a proponent had offered a purported will of the decedent for probate, but probate was denied. Later another proponent who had not been represented at the first hearing attempted to reopen the case, and filed a motion for that purpose. The motion was denied, and the movant appealed. We said: "We do not find in the Code nor in our decisions, any warrant for the mode of procedure attempted by appellant Imes. *She was not a party, was not concluded by the court's order* and she is not in a position in this case to ask for a new trial. *That she was not bound by the order denying the will to probate may be conceded* but she has misconceived her remedy." (Italics supplied.)

The two preceding quotations are in a sense dicta, but they are nevertheless persuasive. They are in line with the general rules governing privity of parties, and we believe announce the proper principle of the law to be followed in the present appeal.

Somewhat in point also is Lewark v. Dodd, 288 Ill. 80, 85,

123 N.E. 260, 262. There a will had been admitted to probate, and the rights of adult heirs to contest had been lost by the statute of limitations. However, an heir who had been a minor at the time of probate later brought a contest upon reaching his majority and secured a judgment holding the will void. The question then arose as to whether those whose rights were barred by the statute might profit from the successful contest. The trial court held the will was void as to all; but the Illinois Supreme Court reversed, saying: "We see no difficulty * * * in voiding the probate so far as concerns the interest of the contesting heirs then or formerly under disability and permitting it to stand so far as it concerns the heirs who have lost their rights by lapse of time." This seems to negate the idea of privity between the interested heirs.

VII. It must also be noted that the legislature has taken the view that interested parties who are notified of will contests and who do not appear may be represented by court-appointed counsel. Code section 638.37 provides that in certain probate proceedings, including will contests, "where all parties interested in the estate are required to be notified thereof" the court has discretion to appoint an attorney to represent not only interested minors but also "those interested who, though they are neither minors nor nonresidents, are unrepresented." Again there is an implication that only those notified are bound by the result of the contest or other proceeding.

VIII. The defendants rely much upon the contention that a probate proceeding is one in rem and so conclusive as to all the world. We have discussed and refuted this in Division IV above. Harris v. Randolph, 213 Iowa 772, 236 N.W. 51, holds no more than that: "Generally in the case of expectant interests in realty if those having the first vested estate of inheritance are before the court the judgment is conclusive upon those having remote and contingent interests which depend on the termination of the prior vested estate of inheritance before it takes effect in possession." Loc. cit. 213 Iowa 778, 236 N.W. 55. The rule is not strictly one of privity but is restricted to quieting-title actions and to a considerable extent at least grows out of the necessity for making titles to real estate definite and

certain. It may also be considered as a successive relationship to the same rights of property and to that extent having a basis in privity. It has little similarity to the situation in the case at bar.

In re Meyer's Estate, 69 S. D. 339, 10 N.W.2d 516, is cited and urged by the defendants as "very much like the case at bar." We find a vital difference. It is true there was in that case a contest by one heir, which resulted in upholding the will and its admission to probate. Later another heir who was not a party to the first proceeding attempted a contest. Motion to dismiss the second contest was sustained, and the appellate court affirmed.

The decision turns upon the specific provisions of the South Dakota statute, which provides that after a will has been admitted to probate any person interested may contest the admission or the validity of the will. But the court pointed out that under the statute the grounds of contest must be based upon evidence discovered since the probate. The court said:

"Any interested person may contest a will within one year after probate upon evidence since discovered and upon certain stated grounds. * * *

"It is clear that a contestant after probate must predicate his contest on evidence discovered since the probate of the will." Loc. cit. 69 S. D. 342, 10 N.W.2d 517.

The South Dakota rule, based upon statute, apparently is that the probate is conclusive as to all matters and as to all persons except as to newly discovered evidence. As we have pointed out in Division III above, in Iowa the admission to probate is conclusive only as to the due execution of the will. In South Dakota, because of the provisions of the statute, it seems it is final as to all objections that might be raised to the validity of the will except as they may be proven by new evidence. In this view the case is not in point and affords no aid to the defendants.

IX. The framers of the new Probate Code adopted by the Sixtieth General Assembly and in effect on January 1, 1964, have foreseen the annoyances and disadvantages of successive will contests by several heirs, and have attempted to forestall

them by section 311 of chapter 326, Acts of the 60th G. A. We quote:

"Joinder of parties. In all actions to contest or set aside a will, all known interested parties who have not joined with the contestants as plaintiffs in the action, shall be joined with proponents as defendants. When additional interested parties become known, the court shall order them brought in as party defendants. All such defendants shall be brought in by serving them with notice pursuant to the Rules of Civil Procedure."

Assuming this procedure is followed, the danger of multifarious actions brought successively by heirs whose rights have not been cut off by prior contests will be eliminated, except that some interested party may be overlooked or is unknown and so not made a party to the first contest.

We conclude the trial court was in error in its ruling upon the motion for adjudication of law points, and in granting the motion to dismiss.—Reversed and remanded for further proceedings.

All JUSTICES concur in the opinion except LARSON, J., who concurs in the result.