WALTER O. KRUSE et al., appellants, v. KEN W. GAINES et al., appellees.

No. 51947.

(Reported in 139 N.W.2d 535)

JANUARY 11, 1966.
REHEARING DENIED APRIL 5, 1966.

984

 

Doerr, Dower & Rehling, Shorey, Plath & Carroll, and Lane & Waterman, all of Davenport, for appellants.

David P. Miller, of Davenport, for appellees.

RAWLINGS, J.—By action for declaratory judgment plaintiffs sought relief from taxation of moneys and credits at more than 60 percent of actual value. From judgment entered adverse to plaintiffs they appealed.

The single law issue presented in this case is whether moneys and credits should be assessed and taxed for the years 1960 to 1965 at 60 percent or at 100 percent of actual value.

Sections 429.2 and 429.3, Code, 1962, in their present form, in effect since prior to 1931, provided as follows:

"429.2 Moneys—credits—annuities—bank notes—stock. Moneys, credits, and corporation shares or stocks, except as otherwise provided, cash, circulating notes of national banking associations, and United States legal tender notes, and other notes, and certificates of the United States payable on demand, and circulating or intended to circulate as currency, notes, including those secured by mortgage, accounts, contracts for cash or labor, bills of exchange, judgments, choses in action, liens of any kind, securities, debentures, bonds other than those of the United States, annuities, and corporation shares or stocks not otherwise taxed in kind, shall be assessed and, excepting shares of stock of national, state, and savings banks, and loan and trust companies, and moneyed capital as hereinafter defined, shall be taxed upon the uniform basis throughout the state of five mills on the dollar of actual valuation, same to be assessed and collected where the owner resides.

"429.3 Levy—division of money collected. The millage tax provided for in section 429.2 shall be in lieu of all other taxes upon moneys and credits and shall be levied by the board of

supervisors, placed upon the tax list and collected by the county treasurer, and the amount collected in each taxing district in cities and towns shall be apportioned twenty percent to the county general fund, thirty percent to the city or town general fund, and fifty percent to the general fund of the school district, and the amount collected in each taxing district outside of cities and towns shall be apportioned fifty percent to the county general fund and fifty percent to the general fund of the school district."

Sections 441.21 and 441.55, Code, 1962, enacted in 1959 (chapter 291, Acts of the Fifty-eighth General Assembly), provided as follows:

"441.21 Actual, assessed, and taxable value. All property subject to taxation shall be valued at its actual value which shall be entered opposite each item, and shall be assessed at sixty percent of such actual value. Such assessed value shall be taken and considered as the taxable value of such property upon which the levy shall be made. The actual value in such cases shall be one and two-thirds times the assessed value as shown by the assessment rolls and may be so determined and ascertained.

"In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate or inequitable."

"441.55 Conflicting laws. If any of the provisions of this chapter shall be in conflict with any of the laws of this state, then the provisions of this chapter shall prevail."

Any analysis of the problem presented discloses we are confronted with the matter of statutory construction. Both parties have advanced and rely upon multiple rules governing construction of statutes, but we are satisfied the issue presented can be resolved without resorting to all of the rules asserted.

I. Both parties concede Code chapter 429 relating to taxation of moneys and credits is a specific act, and Code chapter 441 pertaining to assessment and valuation of property is a general act.

And without question section 429.2 is squarely in conflict with section 441.21.

In this connection no one challenges the basic principle that when a general statute is in conflict with a specific statute, the latter ordinarily prevails, whether enacted before or after the general statute. We have consistently so held. Rath v. Rath Packing Co., 257 Iowa 1277, 1288, 136 N.W.2d 410, 416; Smith v. Newell, 254 Iowa 496, 501, 117 N.W.2d 883; Wilson v. Council Bluffs, 253 Iowa 162, 110 N.W.2d 569; Andreano v. Gunter, 252 Iowa 1330, 1335, 110 N.W.2d 649; Shelby County Myrtue Memorial Hospital v. Harrison County, 249 Iowa 146, 152, 153, 86 N.W.2d 104; Crawford v. Iowa State Highway Comm., 247 Iowa 736, 739–741, 76 N.W.2d 187; Yarn v. City of Des Moines, 243 Iowa 991, 998, 54 N.W.2d 439; Workman v. District Court, 222 Iowa 364, 368, 269 N.W. 27; Great Western Acc. Ins. Co. v. Martin, 183 Iowa 1009, 1010, 166 N.W. 705; 82 C. J. S., Statutes, sections 298, page 510, and 369, page 839; and Sutherland on Statutory Construction, Third Ed., sections 5204 and 5205.

II. However, plaintiffs contend the foregoing rule is modified or rendered inapplicable because section 441.55 served in effect to repeal the provisions of section 429.2, as a result of which moneys and credits were made taxable at only 60 percent of actual value. We cannot agree.

Section 441.55, enacted in 1959, can be classified as nothing more than an express general repealing act. It does not specifically repeal any prior legislative enactment, and only purports to operate as a general repeal of any existing law found to be in conflict with the new legislation.

In State v. Blackburn, 237 Iowa 1019, 1022, 22 N.W.2d 821, the stamp of dubious distinction was impressed upon general repealing acts when we said: "It may be doubted whether such repealing section adds materially to the general rule that in case of irreconcilable conflict between two statutes the later one controls." See also 50 Am. Jur., Statutes, section 520, page 527.

Even more to the point is the rule set forth as follows in 82 C. J. S., Statutes, section 285, page 477: "Ordinarily, a general repealing clause of inconsistent acts does not, when contained in a general act, operate to repeal a local or special act.

This is especially true where the repealing clause mentions only general laws, or there is in fact no irreconcilable inconsistency between the general act and the special act in question. However, a general repealing clause of inconsistent acts may operate to repeal an inconsistent special or local act where such repeal appears to be intended by the legislature, as where the repealing clause expressly mentions special and local acts." See also 50 Am. Jur., Statutes, section 560, page 562, and Sutherland on Statutory Construction, Third Ed., section 2021.

But nothing appears in section 441.55 which discloses any intent on the part of the legislature to repeal Code sections 429.2 and 429.3, or any other provision of chapter 429, Code, 1962. In fact, if the legislature had intended, by enactment of section 441.55, to repeal sections 429.2 and 429.3, it could easily have so stated.

In Sutherland on Statutory Construction, Third Ed., section 2013, the rule of general repeal is brusquely dealt with as follows: "An express general repealing clause to the effect that all inconsistent enactments are repealed, is in legal contemplation a nullity. Repeals must either be expressed or result by implication. A general repealing clause cannot be deemed an express repeal because it fails to identify or designate any act to be repealed. It cannot be determinative of an implied repeal for it does not declare any inconsistency but conversely, merely predicates a repeal upon the condition that a substantial conflict is found under application of the rules of implied repeals. If its inclusion is more than mere mechanical verbiage, it is more often a detriment than an aid to the establishment of a repeal, for such a clause is construed as an express limitation of the repeal to inconsistent acts."

In Jefferson County v. Board of County and District etc., 143 Tex. 99, 110, 111, 182 S.W.2d 908, 915, the court was confronted with substantially the same general repealing act as is presented in the case now before us, and there said:

"Ordinarily, a general repealing clause of inconsistent Acts does not, when contained in a general Act, operate to repeal a local or special Act, even though the provisions of the two Acts are in some respects inconsistent. * * * The intention to repeal

special Acts embodying conflicting provisions must be clearly evidenced."

See also Harbert v. Harrison County Court, 129 W. Va. 54, 39 S.E.2d 177, 190.

In support of their position plaintiffs lean heavily upon Waugh v. Shirer, 216 Iowa 468, 249 N.W. 246, but that case is neither in point nor is it here persuasive.

In the cited case the statute involved provided as follows: "Hereafter when a proposition to authorize an issuance of bonds by a county, township, school district, city or town, or by any local board or commission, is submitted to the electors, such proposition shall not be deemed carried or adopted, anything in the statutes to the contrary notwithstanding, unless the vote in favor of such authorization is equal to at least sixty per cent (60%) of the total vote cast for and against said proposition at said election."

This act was specific and served to clearly declare the intent of the legislature. Such is not the situation in the case now before us.

Furthermore, in Waugh v. Shirer, supra, the statutes involved stood in the same legal category and the court there invoked the "last enactment controls" rule which is not applicable in the case with which we are here concerned.

III. We are satisfied nothing contained in section 441.55, Code, 1962, served in any manner to affect or repeal section 429.2 or any other provisions of chapter 429 of the Code.

This means moneys and credits were taxable for the years 1960 and 1965 at five mills on the dollar of actual valuation. The trial court was correct in so holding.—Affirmed.

All Justices concur.