Camilla Conley RITTER, Appellant,

v.

Roger DAGEL, Ralph Newport, Arthur Conley, Jean Conley Brokaw, and Marcia Conley Grupp, Appellees.

No. 52737.

Supreme Court of Iowa.

Feb. 6, 1968.

Lawyer, Lawyer, Ray & Crouch, Des Moines, for appellant.

Joy, Wifvat & Poffenberger, Perry, for appellees.

GARFIELD, Chief Justice.

This appeal involves an important question as to the time within which a law action to set aside probate of a will under Iowa Probate Code, chapter 633 Code 1966, must be commenced and the manner of commencing it.

More particularly, the question is whether the statute of limitations for the commencement of such an action is tolled by the filing of the petition or is plaintiff also required to deliver an original notice thereof to the sheriff of the proper county with intent that it be served immediately.

The trial court held merely filing the petition is insufficient. We affirm the decision.

I. On September 7, 1965 Arthur T. Conley, a brother, filed with the clerk of the district court of Dallas County the will of R. M. Conley, deceased, together with his petition for probate thereof and appointment of petitioner and Roger Dagel as executors. On the next day the will was admitted to probate and Arthur T. Conley and Roger Dagel were appointed executors by the clerk of the court. No notice of filing the petition or hearing thereon was given prior to making the order.

The appointees filed their oaths as executors, letters of appointment issued and notice of probate, dated September 8, was published on September 10 and 17, 1965 in strict compliance with Code section 633.304. (References, unless otherwise indicated, are to Iowa Code 1966.)

The notice, addressed to all persons interested in the estate, recited: "any action to set aside said will *must be brought* in the district court of said county within one year from the date of the second publication of this notice, or thereafter be forever barred." (emphasis added) This is the exact language of the form for such notice found in section 633.304 and required thereby.

Plaintiff, a daughter, on September 10, 1966 filed her petition at law to set aside probate of the will as not properly executed and the result of undue influence. On the same date an original notice of the filing of the petition was delivered to the sheriff of Dallas County. However, the notice recited the petition was on file with the clerk of the district court of Polk County and re-

quired appearance "before said Court at Des Moines, Polk County."

On September 20, 1966, a year and three days after the date of the second publication of the notice of probate of will and appointment of executors above referred to, a proper original notice of the filing of plaintiff's petition to set aside probate of the will was delivered to the sheriff of Dallas County to be served on Roger Dagel, a co-executor, only defendant to the action residing in Dallas County. This notice was served on Dagel September 22, 1966.

On September 29, 1966 defendants to plaintiff's action filed their special appearance thereto challenging the court's jurisdiction on the ground the first original notice, requiring appearance at Des Moines, county seat of Polk County, was void. In her resistance to this special appearance plaintiff asserted that merely filing her petition to set aside probate of the will within one year after the date of the second publication of the executors' notice thereof conferred jurisdiction on the Dallas County court to determine the matter, irrespective of the contents of the first original notice.

Defendants' special appearance was sustained as to the original notice first served upon them. No complaint has been made of this ruling nor is it here contended, as it was in the resistance to the special appearance just referred to, it was unnecessary to serve, or deliver to the sheriff for service, an original notice of plaintiff's action.

Thereafter defendants filed answer to plaintiff's petition alleging it was barred by limitations because no valid original notice thereof was served or placed for service until more than a year from the date of the second publication of the notice of probate.

In her reply to defendants' answer plaintiff alleged the order admitting the will to probate was entered without notice or appearance by anyone, her petition to set aside probate was filed before entry of an order approving the final report and there-

fore the order for probate was reviewable by the court. Also that filing plaintiff's petition on September 10, 1966 met the requirement of code section 633.309.

On defendants' motion for adjudication of law points under rules 105 and 176 Rules of Civil Procedure the trial court held, as indicated at the outset hereof, that merely filing plaintiff's petition to set aside probate of the will within a year after the date of the second publication of notice of probate of the will, without at least delivering original notice thereof to the sheriff of the proper county with intent that it be served immediately, was insufficient to toll the statute of limitations for the commencement of such an action as plaintiff's.

II. Plaintiff relies upon two code sections, principally 633.37: "All orders entered without notice or appearance are reviewable by the court at any time prior to the entry of the order approving the final report."

The quoted section codifies the rule applied by many decisions of ours under sections 638.9, 638.10 Iowa Code, 1962 and earlier codes prior to the adoption of our present Probate Code by the Sixtieth G.A. in 1963. In re Estate of Swanson, 239 Iowa 294, 305–307, 31 N.W.2d 385, 392 and citations; In re Estate of Jenkins, 245 Iowa 939, 941, 65 N.W.2d 92, 93 and citations.

The other section on which plaintiff relies, although apparently less strongly, is 633.309: "Time within which contest must be filed. A petition to contest or set aside the probate of a will must be filed in the court in which the will was admitted to probate within one year from the date of second publication of notice of admission of such will to probate and not thereafter."

From this it is argued in effect the statute of limitations for bringing such an action as plaintiff's is tolled by merely filing the petition in the proper court within the year even though original notice thereof is not served or delivered for service to the

sheriff of the proper county within such time.

■ III. In seeking the meaning of the code sections plaintiff relies on and others, the entire Probate Code of which they are part should be considered. "Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together." Bruce v. Wookey, Iowa, 154 N.W.2d 93, 94, citing Manilla Community School District, etc. v. Halverson, 251 Iowa 496, 101 N.W.2d 705. See also Ahrweiler v. Board of Sup'rs, 226 Iowa 229, 231, 283 N.W. 889; Everding v. Board of Education, 247 Iowa 743, 747, 76 N.W.2d 205, 208 and citations; Rath v. Rath Packing Co., 257 Iowa 1277, 1284–1285, 136 N.W.2d 410, 414.

Bruce v. Wookey holds a claim against a decedent's estate was barred under our Probate Code for failure of claimant to file request for hearing within 20 days after the claim was disallowed. Sections 633.-440, 633.442.

■ The Manilla Community School District opinion, supra, points out it is not permissible to rest the interpretation of a legislative act upon any one part or to give undue effect thereto. (pages 501–502 of 251 Iowa, page 708 of 101 N.W.2d.)

We think the rule expressed in Bruce v. Wookey and many other Iowa precedents leads to an affirmance of the trial court's decision here.

IV. Section 633.304 provides in part: "Notice of probate of will with administration. On admission of a will to probate, the executor shall, as soon as letters are issued, cause to be published once each week for two consecutive weeks in a daily or weekly newspaper of general circulation published in the county in which the estate is pending, a notice of admission of the will to probate and of the appointment of the executor, *in which shall be included a notice that any action to set aside the probate of said will must be brought within one year from the date of the second publication of said notice or thereafter be forever barred,* and there shall also be included therein a notice to debtors to make payment, and to creditors having claims against said estate to file them with the clerk within six months from the second publication of said notice, or thereafter be forever barred. (emphasis added)

"Such notice shall be substantially in the following form:"

This statute proceeds to set out in detail the form of notice which shall be published. It designates the court and county in which the will was probated, gives testator's name, is addressed to all persons interested in his estate, gives the date on which the will was admitted to probate and the name of the executor appointed. This recital is included in the statutory notice: "Any action to set aside said will *must be brought* in the district court of said county within one year from the date of the second publication of this notice, or thereafter be forever barred." (emphasis added)

Following the recital just quoted, the statutory form further provides for notice that all persons indebted to the estate are requested to make immediate payment to the executor and all creditors shall file their claims "within six months from the second publication of this notice (unless otherwise allowed or paid)" or "such claim shall thereafter be forever barred."

It is significant that the provision we have italicized in the first paragraph of 633.304 and the language similar thereto quoted from the statutory form for notice were not included in the Probate Code enacted by the Sixtieth G.A. in 1963. Both the italicized provision in the first paragraph and the language similar thereto in the form for notice were added by section 22, chapter 432, pages 816, 817 Laws of the Sixty-first G.A. in 1965 and are included in section 633.304 of the 1966 Code.

Prior to adoption of the Probate Code, the applicable part of section 614.1, subd. 3

Code 1962, in the chapter on Limitations of Actions, stated, subject to a proviso we need not consider at this point, that actions to set aside a will may *be brought* within two years from the time the will is filed in the clerk's office for probate and notice thereof given "and not afterwards." This provision of 614.1, subd. 3 was deleted by the Probate Code (section 707, chapter 326, page 508 Laws Sixtieth G.A.) and 614.1, subd. 3 so appears in the 1966 Iowa Code.

It thus seems clear it was the purpose of the legislature to shorten the time for commencing actions to set aside probate of a will from the two years specified in section 614.1, subd. 3 Code 1962 to one year from the date of second publication of the notice of probate and appointment of executor as required by section 633.304 Code 1966, supra.

So far as now pertinent, section 633.311 provides: "An action * * * to set aside a will, is triable in the probate court as an action at law, and the Rules of Civil Procedure governing law actions, including demand for jury trial, shall be applicable thereto." Incidentally, the purpose of the reference to demand for jury trial was doubtless to change the rule adopted by Division I of our opinion in In re Estate of Hermence, 235 Iowa 745, 747, 15 N.W.2d 905, 906.

Sections 633.33 and 633.34 also contain provisions similar to 633.311, supra. Section 633.33 provides actions to set aside or contest wills and certain others "shall be triable in probate as law actions * * *." And 633.34 states "All actions triable in probate shall be governed by the Rules of Civil Procedure, except as provided otherwise in this (Probate) Code."

Section 633.312 is also important: "Joinder of parties. In all actions to contest or set aside a will, all known interested parties who have not joined wtih the contestants as plaintiffs in the action, shall be joined with proponents as defendants. When additional interested parties become known, the court shall order them brought in as party defendants. All such defendants shall be brought in by serving them with notice pursuant to the Rules of Civil Procedure."

This last section points up the fallacy of the assertion, previously referred to, in plaintiff's resistance to defendant's special appearance that merely filing her petition to set aside probate of the will within the year from the second publication of the notice of probate conferred jurisdiction on the court to determine validity of the will, irrespective of an original notice. As before indicated, we do not understand plaintiff makes such a contention here although she maintains, as she must, service of original notice or its delivery to the sheriff for service need not be made within the year.

It is plain the Rules of Civil Procedure, by express provisions of our Probate Code, apply to such actions as plaintiff's. We do not understand this is disputed.

R.C.P. 48 states: "Commencing actions. A civil action is commenced by serving the defendant with an original notice." R.C.P. 49 broadens 48 on the question here involved. It provides: *"Tolling limitations. For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions,* whether the limitation inheres in the statutes creating the remedy or not, the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately * * * shall also be deemed a commencement of the action." (emphasis added)

In determining whether plaintiff's action was "brought" within the year from the second publication of notice of probate as section 633.304 requires, rules 48 and 49 cannot be ignored. They state when such an action is "commenced." The two terms "brought" and "commenced", as here used, are synonymous. No provision of the Probate Code nor Rule of Civil Procedure called to our attention would support a holding this action was brought prior to service

or delivery to the sheriff for service of the original notice on at least one defendant.

■ The requirement of section 633.309, quoted in Division II, supra, on which plaintiff relies that the petition must be filed within the year may not fairly be construed as a provision that the action is brought by merely filing the petition when rules 48 and 49 R.C.P., which the Probate Code makes applicable thereto, expressly state the action is commenced by serving the original notice or delivering it to the sheriff for service. A mere implication which might be drawn from 633.309, standing alone, cannot prevail over express provisions contrary thereto. Neither service nor delivery therefor was made here within the year.

■ Rules 48 and 49 supersede statutes to like effect of long standing, as far back as sections 1714–1715 and 1663 Code 1851. The legislature could hardly have intended by the enactment of section 633.309 to overturn rules of such long standing. This from 50 Am.Jur., Statutes, section 340, page 333 is applicable: "Courts, do not, however, favor repeals of settled principles by implication, and the legislature in the enactment of a statute will not be presumed to intend to overturn long-established legal principles, unless such intention is made clearly to appear by express declarations or by necessary implication. To the contrary, the legislature will be presumed not to intend to overturn long-established principles of law, and the statute will be so construed, unless an intention to do so plainly appears by express declaration or necessary or unmistakable implication, and the language employed admits of no other reasonable construction. * * *"

In connection with this quotation it is noted we have repeatedly held our Rules of Civil Procedure, in effect since 1943, have the force and effect of statute. We have also held many times that for the purpose of tolling the statute of limitations an action is commenced by service of original notice or delivery thereof to the proper sheriff with intent it be served immediately. Several of our precedents to such effect are cited in Anno. 27 A.L.R.2d 236, 285–286. One is Fernekes v. Case, 75 Iowa 152, 39 N.W. 238, where a fatally defective notice was served during the statutory period and a valid notice was not served or delivered for service until after the limitation period expired. It was held the action was barred. Pendy v. Cole, 211 Iowa 199, 201, 233 N.W. 47, 48, approves Fernekes v. Case. Another similar precedent is Jones & Magee Lbr. Co. v. Boggs, 63 Iowa 589, 591, 19 N.W. 678.

■ We are not to be understood as holding service or delivery for service of the original notice of such an action must be made upon all defendants within the year. Additional interested parties may be added when they become known. Section 633.312, supra (633.311 of the original Probate Code enacted in 1963), so provides and In re Estate of Ditz, 255 Iowa 1272, 1279–1280, 125 N.W.2d 814, 818–819, so holds. The Ditz opinion takes note of the provisions of the Probate Code although it was not there applicable.

In Ditz the executors served notice on the other interested parties of the probate of the will, thus shortening to one year the period for bringing action to set aside probate under section 614.1, subd. 3 Code 1962. Five interested parties brought such action in time by filing their petition and serving original notice on some of the defendants within the year but others were brought in later. This from the Ditz opinion accords with our holding here: "* * * when any interested person * * * institutes an action by filing his petition *and serving any other interested person within the year's period of limitation,* the running of the statute as to all other interested parties is tolled and they may be added later with the same effect *as though timely action was commenced against all.*" (emphasis added)

V. Section 633.37, quoted in Division II, supra, does not afford plaintiff an avoid-

ance of the bar of the statute of limitations.

Section 633.293 expressly provides that when a petition for probate of a will is filed the court or clerk may, in its or his discretion, hear it forthwith, with or without requiring notice, and upon proof of due execution admit it to probate.

Section 633.22 confers upon the clerk within his county all powers of the court and judge in the admission of wills to probate, when not contested, (par. 3) and in other matters.

And the next section provides: "633.23 Clerk's action reviewed. Any person aggrieved by any order made or entered by the clerk under the powers conferred in section 633.22 may have the same reviewed in court upon motion filed within six months or before the hearing on the final report of the fiduciary, whichever is the earlier, and upon such notice as the court may prescribe."

Sections 633.22 and 633.23 are quite similar to sections 632.1 and 632.3, respectively, Code 1962 and earlier codes. Section 633.-22 deals specifically with admission of wills to probate by the clerk and 633.23 provides a specific remedy for review of such orders. These two sections, together with 633.293, must be deemed specific statutory provisions dealing with the admission of wills to probate by the clerk without prior notice and to provide a remedy therefor. Section 633.37, however, which plaintiff seeks to invoke purports to be a general provision dealing with all probate orders entered without notice.

We think this from 50 Am.Jur., Statutes, section 367, pages 371–372, has application here: "It is an old and familiar principle * * * that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision. Additional words of qualification needed to harmonize a general and a prior special provision in the same statute should be added to the general provision, rather than to the special one."

The United States Supreme Court has frequently used the language just quoted and we have approved it at least three times. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704, 708, and citations; Crawford v. Iowa State Highway Comm., 247 Iowa 736, 740, 76 N.W.2d 187, 189–190; State v. Flack, 251 Iowa 529, 535, 101 N.W.2d 535, 539; Rath v. Rath Packing Co., 257 Iowa 1277, 1288, 136 N.W.2d 410, 416.

The above rule is no less applicable here even though section 633.293 was enacted in 1965 by the Sixty-first G.A. in lieu of the former section 293 enacted in 1963 by the Sixtieth G.A. It provided for notice of the time fixed for probate by one publication at least seven days prior to such time. Sections 633.22, 633.23 and 633.37 were all enacted as part of the same act by the Sixtieth G.A.

A rule many times applied by us, closely related to the one quoted above, "is that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the latter will prevail and the former must give way. The special provision will be considered an exception to or qualification of the general one. (citations)." Rath v. Rath Packing Co., supra; State v. Halverson, Iowa, 155 N.W.2d 177, 181.

Kruse v. Gaines, 258 Iowa 983, 986, 139 N.W.2d 535, 536, cites nine Iowa decisions and other authority for "the basic principle that when a general statute is in conflict with a specific statute, the latter ordinarily prevails, *whether enacted before or after the general statute*." (emphasis added)

If section 633.37 has the effect plaintiff contends for, it conflicts with section 633.-23 both quoted supra. Section 633.23 allows only up to six months to file motion for review of the clerk's admission of this will to probate. Section 633.37 permits review of orders entered without notice or appearance at any time prior to the approval of the final report.

Our conclusion on the point now considered finds support in Hoover v. Hoover, 238 Iowa 88, 92–93, 26 N.W.2d 98, 100, under somewhat different facts. There the clerk admitted a will to probate on notice published only once on the second day before the date of the hearing. It is apparent such a notice would not be likely to reach interested parties and would be little better than no prior notice. In a law action to set aside probate of the will on grounds of lack of due execution, mental incompetence and undue influence we held contestants who did not proceed under section 632.3 Code 1946 to review the clerk's order for notice could not attack it "when the statutes provide an ample remedy for review in the court below."

In lieu of proceeding under section 633.23 of course plaintiff could bring the action she brought provided she did so within the period of limitation. She did neither but, as stated, claims the right to contest the will at any time before the executors' final report is approved. The legislature could hardly have intended 633.37 as a method of avoiding the bar of the statute. See In re Estate of Huston, 238 Iowa 297, 304–306, 27 N.W.2d 26, 30–31, which rejects a contention somewhat like the one plaintiff makes here. See also In re Price's Estate, 230 Iowa 1228, 300 N.W. 542; In re Will of McKinstry, 204 Iowa 487, 215 N.W. 497.

In re Estate of Pierce, 245 Iowa 22, 25–28, 60 N.W.2d 894, 896–898, heirs objected to the executor's final report on the ground the clerk's order for notice of hearing on probate of the will violated due process by providing for only one publica-

tion in a newspaper and posting in three public places when the addresses of the objectors were known or easily discoverable. Reliance was on Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865.

The Pierce opinion rejects the contention, holds the probate of the will was valid and the heirs were not thereby deprived of the right to contest the will in an original action brought within the statutory period of limitation (then two years from the time the will was filed for probate and notice thereof given). The opinion also reviews our prior decisions on the effect of original admission of a will to probate without contest and holds it establishes nothing but its due execution and publication and authorizes the executor to proceed with administration of the estate.

In re Estate of Marty, 256 Iowa 74, 78, 126 N.W.2d 303, 305, cites In re Estate of Pierce; Kelly v. Kelly, 158 Iowa 56, 56–61, 138 N.W. 851, 852–853, and section 633.38 Code 1962 for this: "In Iowa, admission of a will to probate is evidence of its due execution, and no more, in the absence of a contest." Section 633.293 Code, 1966 requires only proof of due execution of the will.

Further, we think the fact the clerk's order admitting the will to probate was made without notice given prior thereto, as 633.293 permits, does not mean it was entered without notice, within the meaning of section 633.37, in view of the notice given pursuant to section 633.304 on admission of the will to probate as soon as letters appointing the executors issued. As stated, this notice was dated the very day the clerk's order was made, first published two days later, and plainly stated an action to set aside the will might be brought within one year from the date of the second publication. As having some bearing, see In re Price's Estate, supra, 230 Iowa 1228, 1236, 300 N.W. 542, 546.

Not until plaintiff failed to bring her action within the year, after having failed

to proceed under section 633.23 supra, was her right to bring it cut off.

While the appeal mainly involves questions of statutory construction, we may observe that no claim of violation of due process or other constitutional right is asserted. "And it is important to observe that due process does not require, as to all proceedings, that notice be given prior to the initiation of the proceedings." 16 Am.Jur.2d, Constitutional Law, section 564, page 969. Precedents cited in the footnote, including Hanover Nat. Bank of City of New York v. Moyses, 186 U.S. 181, 192, 22 S.Ct. 857, 46 L.Ed. 1113, 1120–1121, support the text.

Similarly, 16A C.J.S. Constitutional Law § 619 c, pages 811–812, states notice "need not be given in all cases at the very inception of the proceedings."

Generally in many proceedings the requirement of due process for notice is met where, as here, there is a proper notice and opportunity for a de novo hearing on review of the initial order. Id. at page 801. See also Hansen v. Haugh, Iowa, 149 N.W.2d 169, 174–175 and citations.

Although section 633.37 is new, as stated in Division II, supra, it codifies the rule applied by many decisions of ours under sections 638.9, 638.10 Code 1962 and prior codes. No decision has come to our attention in which the rule referred to has been held to permit bringing a will contest after the statute of limitations has run. Orders which have been reviewed under the rule plaintiff relies on are those made without any notice during administration, mostly allowing or disallowing claims of creditors or fees for the personal representative or his attorney. See In re Estate of Swanson, supra, 239 Iowa 294, 305–307, 31 N.W.2d 385, 392 and citations; In re Estate of Huston, supra, 238 Iowa 297, 304–306, 27 N.W.2d 26, 30–31.

The judgment is

Affirmed.

All Justices concur except LeGRAND and BECKER, JJ., who dissent.

LeGRAND, Justice (dissenting).

I respectfully dissent.

Prior to the enactment of the Probate Code in 1963, a proceeding to set aside a will was an independent action which was required to be brought within the period set out in what was then subsection 3 of section 614.1 of the Code of Iowa.

That subsection was repealed at the time the Probate Code was adopted, and we now have a new procedure by which one may challenge the validity of a will. The Probate Code did not, as the majority suggests, merely shorten the period for filing a will contest from two years to one, which could have been accomplished by a simple amendment to section 614.1(3); on the contrary it effected basic changes in the procedure itself.

Part 5 of the Probate Code deals with "Actions to Set Aside or Contest Wills." It covers three possible methods of attack. One may ask to have a will set aside by *filing a petition in the probate proceedings* within one year from the executor's second publication of notice of admission of the will to probate (sections 633.308, 633.309), one may file objections to the probate of the will (section 633.310); or one may seek a declaratory judgment to establish a will (section 633.320). As in the majority opinion, all references to the Probate Code are to the 1966 Code of Iowa.

I find it significant that only in section 633.320 authorizing suit for declaratory judgment, *which is a separate action not part of the probate proceedings,* is the language that a party "may bring an action,"

Elsewhere in Part 5 of the Probate Code, and specifically in sections 633.308 and 633.309, the legislature says a petition may be filed in the probate proceedings. This it seems to me, indicates an intention to distinguish between the filing of a petition,

on the one hand, and the bringing of an action, on the other.

If what was done here is "bringing an action" to contest a will, then I concede the majority is right. However, all the provisions of Part 5 make such a conclusion untenable. Why, for instance, if that is the case, should the legislature talk at all about notice? Rules 48 and 49 would, of course, apply as they do in all such cases.

Yet here there is a special provision as to serving a notice. (section 633.312) Again it should be noted the section does not state an *original* notice should be served; it merely refers to a notice, which shall be served "pursuant" to the Rules of Civil Procedure. Under the circumstances here I take this to mean the manner, not the time, of service. There is no language justifying the implication, especially in view of the express provisions of sections 633.308, 633.309, that this requires the notice to be served within the one year period.

To hold with the majority it must be assumed the legislature used the term "file a petition" interchangeably with "bring an action" and used "notice" interchangeably with "original notice." I have been able to find no previous occasion when it has done so. "Original notice" has always had a precise meaning under our rules and it has been used in that technical sense; *it immediately suggests jurisdiction is involved.* Why was its use avoided here?

I cannot believe the legislature inadvertently used "file a petition" to mean "bring an action" nor that "notice" was intended to mean "original notice." I find this particularly true because section 633.320, dealing with the same subject and authorizing a *separate* declaratory judgment action, expressly provides such action *may be brought*. Incidentally I might add, too, this section omits any mention of notice for the obvious reason this matter is covered, as always when suit is brought, by Rules 48 and 49, RCP.

I would hold the statutory procedure here is not the bringing of an action and that the filing of the petition alone is sufficient to confer jurisdiction. To the extent that section 633.304 conflicts with this—and that is the only section which lends support to the majority—I simply say such conflict should be resolved for, not against, a litigant who has complied with the exact terms of sections 633.308 and 633.309 and who now finds himself dismissed out of court because of it.

I would reverse and remand for trial.

BECKER, J., joins in this dissent.